## CITY OF MONROE v. GLASSCOCK, MORRISON, CONNER CONST. CO.

### No. 5532.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Bernstein, Clark & Thompson, of Monroe, for appellant.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellee.

DREW, Judge.

On April 14, 1935, plaintiff filed this suit against the defendant, an ordinary partnership, domiciled in Kansas City, Mo., composed of John Morrison, Walter D. Glasscock, and John J. Conner, all residents of Kansas City, Mo., alleging that defendant was indebted to it in the sum of $146.17, with legal interest thereon from judicial demand until paid.

The action is one in tort for damages to plaintiff's water main, caused by the careless and negligent acts of said defendant. It further alleged that the defendant partnership was at that time engaged in the city of Monroe, parish of Ouachita, state of Louisiana, in the construction of a sea wall along the western line of South Grand street.

Citation was issued to the defendant partnership, and the return thereon shows that it was served upon the office manager, J. L. Middleton, in the absence of all the partners from the state. Service was made on April 14, 1937. This suit was filed in the city court of the city of Monroe.

No appearance having been made by the defendant on April 26, 1937, there was judgment rendered in favor of plaintiff as prayed for. On the same day execution issued on said judgment, certain personal property owned by defendant was seized and notice of seizure was served on that day on Walter D. Glasscock in person, a member of the partnership. The property was advertised for sale. Defendant's office manager, J. L. Middleton, served as one of the appraisers. After due advertising, the property was sold on June 2, 1937, and purchased by Milling Bernstein, agent. The marshal's return shows the payment of the purchase price was made by check signed by the defendant partnership, made payable to J. L. Middleton, its office manager, and indorsed by him.

■ On May 19, 1937, prior to the sale, defendant prayed for and was granted a devolutive appeal to this court. The appeal bond was filed on May 29, 1937. In this court plaintiff has filed a motion to dismiss the appeal on the ground that defendant by its actions, as above set forth, has acquiesced in the judgment of the lower court. Since our findings on the merits are in favor of plaintiff, we will not go into a full discussion of the motion to dismiss. However, we are of the opinion the motion is not well founded. The acts relied upon by plaintiff to show acquiescence or confirmation of the judgment do not evidence such an intention clearly and unequivocally and none will be inferred when the act can otherwise be explained. Greater New Orleans Homestead Association v. Korner, La.App., 142 So. 863; Augustin v. Farnsworth, 155 La. 1053, 99 So. 868; Breaux v. Sarvoie, 39 La.Ann. 243, 1 So. 614; Wells v. Files, 136 La. 125, 133, 66 So. 749.

■ In Parker v. Harvey, La.App., 164 So. 507, the court held that for an acquiescence in a judgment to take away the right of appeal, there must be an unconditional voluntary and absolute acquiescence by appellant, and he must have intended to acquiesce and abandon his right to appeal.

In the case at bar, defendant had perfected its appeal before the property was sold and could have bid in said property, if we assume under the facts here that it did, for the purpose of preventing its property

from going to someone else for a price far less than its value. Such an act does not evidence an intention to abandon its appeal. It was done to protect itself from further loss.

The motion to dismiss is overruled.

Appellant in its brief says: "The defendant has taken this devolutive appeal from the judgment rendered against it on the ground that same is invalid because it was rendered and signed prematurely before the delays allowed it by law for the defendant to make an appearance or answer had expired. We will rest our case solely on that point."

Article 180 of the Code of Practice provides:

"The delay to be expressed in a citation consists of ten days to be counted from the time the citation has been served, which are allowed to the defendant to comply with the demand of the petitioner if the defendant resides in the place where the court is held, or within ten miles of such place. If the defendant resides at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear; the delay in no case shall exceed fifteen days in all. In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires are included. (As amended, Acts 1904, No 77)."

Appellant contends that because of the fact that defendant's domicile is in Kansas City, Mo., and each of its members reside in Kansas City, under the above-quoted article, the residence and domicile of defendant was more than fifty miles from the courthouse in Monroe, La., and defendant had fifteen days in which to answer.

Act No. 179 of 1918, § 1, pars. (4) and (12), provide as follows:

"Process directed to a commercial partnership, or an ordinary partnership using a firm name, may be made personally upon any member of the partnership wherever found in the parish, or at the office of the partnership upon any member of the partnership, or in the absence of all the members thereof upon any employee, above the age of sixteen years found at the office of the partnership."

"Any person engaged in commercial business may be sued and served in all matters connected with said business in the parish where the business is carried on, even though he may have his legal domicile elsewhere, or at his legal domicile, as desired by the party controlling the suit or process; and for the purpose of service upon commercial and ordinary partnerships, they shall be considered as having their domicile where the partnership carries on its business, notwithstanding all or some of the partners may reside elsewhere, and in any of said cases, service may be made at the legal domicile of that of the members of the partnership or of any one of them."

Section 4 of the act is as follows:

"That nothing in this Act shall affect the delays for answering or for appearing as now provided by law or rules of court."

Appellant contends that the place of doing business of a partnership is considered the domicile for the purpose of service alone and, under paragraph (12), above quoted, does not do away with any of the delays allowed by article 180 of the Code of Practice. In support of this contention it cites Noyola v. Norske Lloyd Insurance Company, 163 La. 82, 111 So. 607. In that case the court said:

"All foreign insurance companies doing business in the state are required to appoint the secretary of state as their agent for service of process. Act 105 of 1898 art. 2, § 1, p. 142. The Norske Lloyd Insurance Company, Limited, complied with the provisions of the statute. Therefore said corporation acquired a qualified residence within the state for the purpose of its business, and became domesticated, at least, for all purposes of jurisdiction and legal procedure. The place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the secretary of state at Baton Rouge. Inasmuch as that city is more than 50 miles distant from the parish of Orleans, where the suit was instituted, the defendant insurance company was entitled to 15 days within which to file its answer. Code Prac., art. 180, as amended and reenacted by Act 77 of 1904."

The proper deduction to make from the above quotation is that, had the suit been filed in Baton Rouge, defendant would have had only ten days in which to answer, and in this case we can say, as was said in that one, the partnership, by doing business in the city of Monroe, acquired a qualified residence and domicile within the state for the purpose of its business, under Act No. 179 of 1918, § 1, pars. (4) and (12) and became

domesticated, at least, for all purposes of jurisdiction and legal procedure.

Also see the case of Hemler v. United Gas Public Service Co., 175 La. 285, 143 So. 265, which we think is decisive of this question.

We are therefore of the opinion that the service of citation on the defendant's office manager in the city of Monroe was service at defendant's domicile or residence, which is included therein, and the office being in the city of Monroe and less than ten miles from the court house, defendant was entitled to only ten days within which to make an appearance in the suit. It failed to do this, and the judgment of the court was rendered on default and in accordance with law.

There is no error in the judgment of the lower court, and it is affirmed, with costs.