HAMITER, Justice.
 

 Only a motion to dismiss the appeal is presently before us for consideration in this controversy.
 

 The action, a mandamus proceeding, was instituted by the police jury of the Parish of Plaquemines to compel the state auditor and the state treasurer to pay .to that governing authority all of the severance tax due to such parish for the third quarter for the year 1941, being the amount of $68,-
 
 *837
 
 921.66, all in accordance with the provisions of Section 21 of Article 10 of the Louisiana Constitution and Act No. 24 of the Second Extraordinary Session of 1935, as amended.
 

 Respondents do not dispute the amount alleged to be due to the named parishbut, in their answer, they aver that according to their intrepretation of the aforesaid provisions of the Constitution and laws of this state “they had made a tentative allocation to the various governing authorities of the Parish of Plaquemines, for the quarter ending September 30, 1941, based on the due proportion payable to each, in accordance with the ad valorem property taxes payable to each governing authority, as shown by the last completed assessment roll, said tentative allocation being as follows:
 

 (1) To the police jury of said parish .................$39,318.72
 

 (2) To the secretary-treasurer of the school board of said parish ................. 16,850.88
 

 (3) To the Board of Commissioners of the Grand Prairie Levee District...... 548.20
 

 (4) To the Board of Commissioners of the Buras Levee District.......... 11,460.28
 

 (5) To the Board of Commissioners of the East Bank Levee District ......... ■ 743.58
 

 Total................ $68,921.66
 

 and that these amounts would have been approved and paid promptly on or before the 15th day of October, 1941, as aforesaid, except for demands and threats against respondents and their respective bondsmen received by letter addressed by the Police Jury of the Parish of Plaque-mines, and signed by the president thereof, threatening the filing of suits for damages should respondents follow the aforesaid plan of distribution to the alleged prejudice of said police jury, and also except for the filing of this present suit.”
 

 After a trial of the merits of the case the district court ordered and decreed, under its judgment signed March 31, 1943, that “the alternative writs of mandamus previously issued herein be made peremptory and accordingly that a writ of mandamus issue herein directed to Ludlow B. Baynard, Jr., State Auditor, and Andrew P. Tugwell, State Treasurer, commanding them and each of them to allocate and credit to the Parish of Plaquemines as a sulphur, oil, gas, and other mineral producing parish one-third of the severance tax collected on sulphur within the Parish of Plaquemines not to exceed one hundred thousand dollars in any one year and one-fifth of the severance taxes collected on oil, gas, and other minerals produced within the said Parish of Plaquemines, provided such allocation and credit shall not exceed the aggregate total of $200,000.00 in any one year;
 

 “And further commanding the said State Auditor and Treasurer to distribute and pay to the Parish of Plaquemines through its governing' authority;
 
 The Police Jury of the Parish of Plaquemines, Louisiana, and to the Plaquemines Parish School Board
 
 
 *839
 
 said severance tax allocation and credit in proportion to the amount of ad valorem property taxes payable to each, said Police Jury and said School Board, as shown by the last completed assessment roll for the Parish of Plaque-mines, the full amount of said sulphur, oil, gas, and other mineral severance tax allocation credited to the said Parish of Plaquemines within the first fifteen days of each calendar quarter from and after the third quarter of the year 1941; and for all costs of these proceedings.” (Italics ours.)
 

 In a written motion thereafter filed by respondents it was suggested that “movers are aggrieved by the judgment herein rendered on the 30th day of March, 1943, and signed on the 31st day of March, 1943, in favor of the Parish of Plaquemines, through its governing authority, the Police Jury of the Parish of Plaquemines, relator herein; that the said judgment is contrary to the law and the evidence, and that movers desire- to appeal suspensively therefrom to the Supreme Court of the State of Louisiana; * * The court,'on April 12, 1943, ordered that the appeal be granted.
 

 On April 30, 1943, the Plaquemines Parish School Board executed and presented to the state auditor a voucher requesting him to issue a warrant to the order of such school board “For Forty Seven Thousand Four Hundred Eighty Four and 83/100 Dollars being amount due for balance of School Board portion of severance tax allocated and credited to the Parish of Plaque-mines, La., for the quarter ending Sept. 30, 1941, to the quarter ending March 31,. 1943, as per judgment of the 19th Judicial District Court for the Parish of East Baton Rouge, La., signed March 31, 1943.”
 

 The auditor issued the warrant on May 1, 1943; and on the same date' the state treasurer, as directed to do by the warrant, paid to the school board by means of his check the mentioned sum of $47,484.83.
 

 In its motion to dismiss the appeal, to which are attached photostatic copies of the above-mentioned voucher, warrant and check, relator suggests that the judgment of the district court provides in effect for the police jury to receive 70% of the school board 30% of the severance tax belonging to the Parish of Plaquemines; and, further, it suggests that respondents, by their tentative allocation, propose to distribute a total of 75%% of the tax funds among the police jury and the three levee districts and give the remaining 24%% to the school board. Then, in said motion, relator contends that the appeal should be dismissed because: 1. Since respondents appealed only from that part of the indivisible judgment that provided for payment to the police jury of 70% of the tax allocation, and did not complain of the award of 30% to the school board, it is now impossible for those officials to distribute and pay 75%% of the tax funds among the police jury and the three levee districts, as they propose to do; and 2. Respondent’s payment to the school board, pursuant to the court’s decree, amounts to a full acquiescence in the judgment and is fatal to the appeal.
 

 Although the written motion for the appeal did refer to the decree as being “in
 
 *841
 
 favor of the Parish of Plaquestínes, through its governing authority, the police jury * * *, we do not understand that by the language used respondents restricted their appeal to the part of the judgment specifically favoring the police jury, thus excluding the award made to the school board. That reference is indicative of no such intention. The school board was not and is not a party to the proceeding, the action having been commenced and prosecuted only by the police jury; and even though the former body is favored in the judgment it is not bound thereby. Rather, we think, respondents purposed to appeal from the entire “judgment herein rendered on the 30th day of March, 1943, and signed on the 31st day of March, 1943”; the motion for the appeal refers to the police jury merely because it was the sole relator in the case. ^ .; , , ,
 

 But if the appeal had been so limited, relator is without right to urge the impossibility of respondents to distribute 75%% of the funds among the police jury and the three levee districts, as they propose to do, when only 70% is left for distribution. Relator did not appeal from the judgment under which, so it maintains, it was awarded 70%; and the percentage remaining equals and is adequate to satisfy that award. The matter of paying the levee districts, should the percentage granted relator be upheld, is one that concerns only respondents.
 

 In support of the second contention of relator, which is that there resulted a full acquiescence of the judgment and a nullifying of the appeal by respondents’ payment to the school board, its counsel relies on Code of Practice Article 567 and numerous decisions in the early jurisprudence of this court, including Campbell v. Orillion, 3 La.Ann. 115, Succession of J. Y. De Egana, 18 La.Ann. 59, and Flowers v. Hughes, 46 La.Ann. 436, 15 So. 14.
 

 The referred to article declares that a person against whom a judgment has been rendered cannot appeal if he has acquiesced in the judgment by executing it voluntarily. Interpreting that codal provision, this court, in the cited authorities, expressed the view that a person who voluntarily executes, either partially or in toto, a judgment rendered for or against him, thereby acquiesces in it and he cannot appeal. But those cases were impliedly overruled in Augustin v. Farnsworth, 155 La. 1053, 99 So. 868, Kittredge v. Grau, 158 La. 154, 103 So. 723, and Planters’ Bank & Trust Company v. Savant, 172 La. 464, 134 So. 394, 395; and in the last of these the court commented: “ * * * But we do not think that a person may be said to acquiesce in a judgment who merely abides by so much of a judgment as is in his favor, Hence it has been held that a party is not prejudiced in his appeal by recording a judgment so far as same was in his favor. * * * Nor can a person be said to acquiesce in a judgment so as to preclude an appeal, when he merely abides by that part of the judgment which cannot prejudice his rights or which he concedes to be correct. Hence a person may appeal from so much of a judgment as is prejudicial to him without complaining of the whole judgment. * * * And even execution
 
 *843
 
 of so much of the judgment as he does not complain of does not constitute acquiescence in so much thereof as he does appeal from. * *
 

 Later, in Foster & Glassell Company, Ltd., v. Harrison et al., 173 La. 550, 138 So. 99, 100, the pases relied on here by relator were specifically overruled. Therein the early jurisprudence was discussed, after which the court observed: “But there is hopeless and irreconcilable conflict between those cases and several later ones involving the identical question.” Then followed a consideration of the Augustin, Kittredge, and Planters’ Bank & Trust Company decisions ; and, in. conclusion, the following was said: “Inasmuch as the earlier cases cited herein (and others) are in conflict with the later cases, they must be considered as overruled.”
 

 The view expressed in Foster & Glassell Company, Ltd., v. Harrison et al., supra, was restated and reaffirmed in Merrill v. Louisiana Materials Company, Inc., et al., 187 La. 259, 174 So. 349, and in Sanderson v. Frost, 198 La. 295, 3 So.2d 626, 629. And in the latter case we remarked: “To take away the right of' appeal, there must be an unconditional, voluntary and absolute acquiescence in the judgment on the part of the appellant who must have intended to abandon his right.”
 

 The record of the instant case contains nothing indicating respondents’ voluntary acquiescence in the judgment, or their intention to abandon the appeal, with respect to the grant favoring relator.
 

 Therefore, for the reasons given, the motion to dismiss' the appeal is denied.