HAWTHORNE, Justice.
 

 Plaintiff has appealed from a judgment dated July 7, 1949, granting unto him a divorce under the two-year separation law and ordering him to pay alimony.
 
 *214
 
 On plaintiff’s application orders of devolutive appeal were granted on May 8, 1950. In this court defendant-appellee has filed a motion to dismiss the appeal on the ground that the appellant did not timely perfect the appeal within the 30-day period as required by Article 573 of the Louisiana Code of Practice of 1870 and Section 1 of Act No. 24 of 1930. She contends that, when an appeal is taken from a judgment which decrees two things (such as an absolute divorce and the payment of alimony), from one portion of which there can 'be no appeal because of statutory delays, the appellant must specifically restrict the appeal to that portion of the judgment from which he intends to appeal, and that appellant in this case has appealed from the judgment in its entirety and has not properly restricted his appeal.
 

 ■ Plaintiff-appellant’s petition for appeal sets forth that the judgment signed July 7, 1949, orders payment of alimony to defendant; that the judgment, insofar as the award of alimony is concerned, is contrary to the law and the evidence, and that petitioner desires to appeal therefrom devolutively to the Supreme Court of this state. The prayer of this petition is for a devolutive appeal from “said judgment”, made returnable to this court, etc., and the order of appeal grants to petitioner a devolutive appeal as prayed for in the petition.
 

 Appellant’s petition for an appeal was filed more than 30 days after the date of the judgment of divorce, and, under the article of the Code of Practice and the act above cited, the right to appeal from that judgment had expired. In our opinion, however, it would be absurd to say that plaintiff is seeking to appeal from a judgment for an absolute divorce which was granted to him in accordance with the prayer of his petition, especially since his petition for appeal sets forth that he is aggrieved by that part of the judgment ordering him to pay alimony and desires to appeal therefrom devolutively. Although the time had elapsed for an appeal from the judgment granting to plaintiff a divorce, the order of appeal itself, although general in its nature, was timely taken for a devolutive appeal from that part of the judgment ordering plaintiff to pay alimony.
 

 Appellee in support of her contention relies upon the cases of Cressione v. Millet, 212 La. 691, 33 So.2d 198, and Cure v. Tobin, 217 La. 713, 47 So.2d 329, 331. The Cressione case is not pertinent or applicable to the facts in the instant case, and the Cure case, instead of being authority for appellee’s contention, actually supports our holding herein. In that case an examination of the record discloses that the judgment appealed from granted a divorce and adjudicated the ownership of certain property involved in the suit and claimed to belong to the community. .That judgment
 
 *216
 
 was signed on February 28, 1949. A little less than 10 months thereafter appellant petitioned for a devolutive appeal from that part of the judgment dealing with the status of the property, alleging that she was aggrieved thereby. In the prayer of this petition appellant prayed for a devolutive appeal, which was granted on December 12, 1949. Appellee contended that the appeal should be dismissed because only a suspensive appeal was proper from a judgment of divorce, which under our law must be taken within the statutory delays of 30 days. Appellant contended that she had a right to a devolutive appeal from that part of the judgment which dealt with the property. In that case, as in the instant case, the prayer of the petition for appeal was general in its nature, in that it prayed only for a devolutive appeal from the judgment itself, and the order granted unto appellant a devolutive appeal as prayed for. In the course of the opinion this court stated that “ * * * the plaintiff would be allowed to appeal from that part of the judgment concerning the disposition and status of the property after the thirty day period and a devolutive appeal would be permissible”.
 

 Appellee in the instant case urges in the alternative that, in the event this court should hold the appeal to be only from that portion of the judgment awarding alimony to defendant, nevertheless the appeal should be dismissed for the reason that the appellant has made an unconditional, voluntary, and absolute acquiescence in the judgment. This argument is predicated upon the fact that the appellant made alimony payments due under the judgment and upon the fact that before his appeal he reconvened in a rule instituted by the wife to show cause why he should not be adjudged in contempt for failure to make certain alimony payments, praying in reconvention that the judgment granting to him a divorce be amended so that he would not be required to pay any alimony whatsoever.
 

 Under Article 567 of the Code of Practice, a party against whom a judgment has been rendered cannot appeal if such judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily. Under the well settled jurisprudence of this state, however, to lose the right of appeal there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant, who must have intended to acquiesce and to abandon his right of appeal. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, State Auditor, 204 La. 834, 16 So. 2d 451; City of Monroe v. Glasscock, Morrison, Conner Const. Co., La.App., 178 So. 684; Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822.
 

 The fact that the appellant made alimony payments and before appeal sought
 
 *218
 
 by rule to be relieved from the payment of any alimony does not, in our opinion, show any acquiescence whatsoever on his part in the judgment or an intention to abandon his right of appeal, and is not an admission by him that any alimony is due. Since it was necessary to make the alimony payments to avoid the risk of being punished for contempt of court because no suspensive appeal was taken from the judgment, there was no unconditional, voluntary, and absolute acquiescence in the judgment. The position which the appellant took in reconvention is the same position as he is taking in his appeal, that is, that the judgment awarding alimony is incorrect and should be reviewed. It may he that the appellant was unable to make a suspensive appeal bond, and in such a case, in order to be entitled to a devolutive appeal to this court, under appellee’s theory he would have to refuse to pay the alimony and subject himself to punishment for contempt. The law does not contemplate that a party ordered to pay alimony should render himself liable to punishment for contempt of court and possibly ■sentence to jail in order to preserve his right to a devolutive appeal.
 

 We therefore conclude that there is likewise no merit in appellee’s alternative contention.
 

 For the reasons assigned, the motion to dismiss the appeal is denied at appellee’s ■costs.