HARDY, Judge.
Plaintiff brought suit ‘ individually and on behalf of his minor daughter for damages resulting from accidental injuries allegedly sustained by .reason of the negligent operation of a trolley bus of defendant. Damages were sought in a total sum of $1,529Í26 by plaintiff individually and in an amount of $8,750 on behalf of the minor. The case was tried by jury which returned a verdict in favor of plaintiff individually in the amount prayed, and in favor of plaintiff for the benefit of his minor daughter in'the sum of $3,000. Motion for new trial was urged by defendant and a remitti-tur ivas entered, on behalf of plaintiff individually, eliminating the $500 item for mental pain and anguish and adjusting the amount claimed for future medical expenses, reducing the amount of the judgment in favor of plaintiff individually from the sum of $1,529.26 to the sum of $824.26, whereupon judgment was signed, from which defendant prosecutes this appeal.
The accident which is the basis of the suit occurred on February 29, 1952, at about 5:00 P. M. near the intersection of Howell and West Streets in the City of Shreveport. Howell is a paved street running approximately east and west, and West Street, or alley; makes a T-intersection with Howell Street from the south, between Baker and Carter Streets, thus cutting what is approximately an average city .block in half. This portion of Howell Street is bounded on the north by what is known as Princess Park, along which there is' no sidewalk. At a point almost opposite West Street a rough outcropping of rock extends from the edge of the park .out to the north curb of- Howell Street. One of defendant’s regular trolley routes courses outbound along the north side of Howell Street thence west on Taylor Street and circles back to the north into Howell and proceeds east along the south sidé of Howell Street, inbound, to the downtown section of Shreveport. Shortly before the time of the accident defendant’s trolley bus No. 107 had passed the rock across from West Street on its regular outbound run, negotiated the circle and was returning inbound when the accident occurred. As the bus had proceeded out Howell Street plaintiff’s daughter, Vernell Walker, a little Negro girl slightly more than six years of age, was standing or playing with a companion on the rock. At about the time the bus had reached the intersection of West Street the child ran across Howell" Street into the bus and sustained serious and painful fractures of the right leg.
Plaintiff alleges that. defenclant’s trolley bus, operated by a regular driver, struck, knocked down and ran over Vernell Walker when she had traversed approximately half of the distance across Howell Street, and that the accident was caused by the negligence of the operator in failing to see the child, who should- have been easily susceptible of observation; failing to yield the right-of-way to the child crossing the street; failure to sound a horn; failure to drive the trolley under proper control; driving carelessly and recklessly at an excessive rate of speed; not keeping a proper lookout, and driving to the left center of the street.
The specified charges of negligence depend upon questions of fact, most of which are violently disputed and upon "which the testimony of the witnesses for the respective parties litigant is sharply conflicting. However, some of the pertinent facts have been established without question, namely that at the time of the accident Vernell Walker .was running rapidly across Howell Street from north to south at a point at or near the intersection of West Street; that the trolley driver did not see the child and did not know the accident had occurred until his attention was called by the screams of a -Negro woman passenger in the bus. ■Certain other facts we think have been established by an overwhelming preponderance of the testimony of witnesses for both plaintiff and defendant, namely that at the time of the accident the trolley was pro *685 ceeding' at a normal,' reasonable rate of speed on its own right-hand side of the street.
There is no plea of contributory negligence, unquestionably by reason of the tender age of the child involved, and therefore the determination of the question of negligence, vel non, on the part of the operator of defendant’s trolley bus is the sole question tendered by this appeal.
As we view the matter on'e single point is determinative of the issue, that is, whether defendant’s driver could and should have seen the child and avoided the accident.
One of the factual circumstances which is important in the resolution of this proposition necessitates a finding as to whether the child was actually struck by the front of the bus or ran into the side of the vehicle. On this point there is a sharp conflict of testimony, but we think the conflict is more .fancied than real because those witnesses who were in a best position to observe the actual incident testified positively that the child struck the side of the bus at a point near the front wheels. The testimony of ' other witnesses, upon which plaintiff relies and which would indicate that the child ■ was struck by the front of the bus, must of necessity be discounted inasmuch as' the said witnesses were not in a position to' see the actual impact. The woman who was a passenger on the bus and whose screams attracted the attention of the driver was seated on the left side of the vehicle at a point- almost immediately above’ the point where the child came in contact with the side of the vehicle, and in our opinion she was the one witness who not .only was in a position to see, but actually did see, as evidenced by her instantaneous and excited reaction. Nor have we had .any difficulty in concluding that the wheel of the bus did not pass over the child’s leg but rather we find that the child came into violent contact with the side of the moving vehicle and was thrown, or, as one witness described it, “flipped” back into the air and fell to the pavement with such force as to cause the injuries suffered.
As we have .observed, there is nq question as, to the. fact that the child was running rapidly. One -of plaintiff’s witnesses testified that she was fairly “flying”. Nor. is there any doubt on the, point that the child at' the time was looking east down Howell Street in the direction opposite to that from whichrthe bus, was approaching.
After careful, scrutiny and thorough analysis and-consideration of the testimony of all of the witnesses-we ¡think that, the following chain of circumstances is preponderantly established: Vernell Walker, with a companion, standing on the rock to' the north of Howell Street,- jumped down from her position: therepn,:, and, watching traffic approaching from the east, proceeded to . run rapidly across Howell Street without observing, the approach of the trolley;, at a point approximately halfway across the street the child, moving at an easterly angle from north tó south in her rapid flight struck the side of the bus.
Under these' circumstances, as recapitulated, considering the fractional lapse of time intervening in which the child left the safety of the north curb line and traversed half the distance of the street, we believe it is evident -that'the position of the driver of the bus was such- as to preclude any reasonable opportunity for observation of the child’s actions.: It would appear that'únles's the motorman had been looking to his left rear, which would necessitate a relaxation of his-Observation of the course of his. vehicle .to the. front, he could not have seen the little girl and. observed her danger. Under .this conclusion it necessarily follows that the. bus driver cannot be chargeable with any act of negligence and accordingly all the; specifications thereof must fail.
 Concededly the law requires mor torists passing, children on or near streets or highways to exercise unusual care. However, we do not think this rule is applicable in the instant case for we think plaintiff has failed to establish such ' circumstances as would indicate any -legal -obligation on the part of the bus driver to have observed the children in their position *686 on'the north side of Howell Street'as he was making' hi's outbound run some minutes before the accident. Even if he had -made such observation ’ we do not believe - he would have been required to anticipate the circumstances leading to the accident which occurred in the course of 'his inbound run. The facts in the iristant case are strikingly similar to those which were involved in the case of Rainwater v; ■ Boatwright, 61 So.2d 212, 216, in- which we held’t-hat the motorist had no opportunity to observe the little girl crossing the street “prior to the accident and 'actually she did -not realize the child had been struck by her car until her attention was called to the child down in the street.” - ■
For these reasons we think the verdict of the jury and the judgment resulting therefrom to be manifestly erroneous and accordingly the judgment appealed from is reversed and set aside and there is now judgment in favor of defendant rejecting plaintiff’s demands at his cost.
On Motion to Dismiss the Appeal.
, On June 30, 19S3, we rendered our opinion and judgment on original hearing of this case, which judgment reversed and set aside the judgment appealed from and rendered judgment in favor of defendant-appellant rejecting the demands of plaintiff-appellee. ,On July 8, 1953, plaintiff filed an application .for rehearing accompanied by brief in support thereof.
On July 10, 1953, plaintiff-appellee filed a motion to dismiss defendant’s appeal, attaching to sáid motión a certified copy of a “Satisfaction of Judgment” executed by counsel for defendant-appellant, counsel for plaintiff-appellee, and the plaintiff himself.. The motion to dismiss was based' upon the voluntary execution of the satisfaction of judgment, which in itself evidenced the payment of thé full amount of the judgment by the defendant without reservation of any rights. '
:On the 20th'pf July, 1953, this court entered the -following order: ,
“It is ordered by the 'Court that'this matter be, arid it i's'hereby remanded to the Honorable,' the First Judicial District Court in and for the Parish of Caddo, for the purpose of receiving ■ evidence bearing upon the alleged satisfaction of judgment from which appealed, and thereafter to be returned to this Court for action on the motion.”
Pursuant to the above order, on January 5, 1954, evidence was adduced in the First Judicial District Court in and for the Parish of Caddo with reference to the facts bearing upon the motion to dismiss. The evidence consisted of a stipulation and agreement executed by counsel for the respective parties, which agreement consisted of three parts, generally comprehending the following pertinent provisions:
Part I.
Agreed to the introduction, without objection and with admission of genuineness, of the following exhibits:
1. Certified copy of extracts from minutes of the District Court in the case styled Johnson Walker, et al. vs. Shreveport Railways Company, and numbered 112,409 on the docket of said court, which minutes reflected the entry of a remittitur on behalf of plaintiff, the consequent overruling of defendant’s motion for a new trial on rehearing, and the granting of orders for suspensive and devolutive appeal to the Court of Appeal, Second Circuit.
2. Original copy of “Satisfaction of Judgment” between plaintiff, his attorney and attorneys for defendant dated January 26, 1953.
3.’ Photostatic copy of the original check of Shreve-port Railways Company dated January 23, 1953, payable to Malcolm E. Láfargue, attorney, Johnson Walker and Johnson Walker for the benefit of the minor, Vernell Walker, in 'the amount of $3,925.36, showing endorsement by the payees and payment by the drawee bank.
4. Original letter from attorney for •plaintiff to attorneys 'for- defendant' dated January 21,1953.
*687 5. Original carbon-copy of letter dated January 23,19S3, from attorney for plaintiff to counsel for defendant.
6. Original letter dated January 22, 1953, from counsel for defendant to attorney for plaintiff;
Part II.
Subject to objection by counsel for plaintiff to the introduction of oral testimony in any manner varying the terms and conditions of the written “Satisfaction of Judgment” a statement of facts by Sam A. Frey-er, attorney for defendant-appellant as to what his testimony would be with reference to his intention and purpose in the execution -of the satisfaction of judgment;
Part'III.'
Subject to the objections interposed and noted above, a statement, by Malcolm. E. Lafargue, attorney' for plaintiff, as to -his testimony which would be substantially contradictory of the testimony of defendant’s attorney set forth in Part' II.
The above proceedings taken under our remand order were certified arid transmitted to this court.
We think the determination of the merits of the motion presented- must depend upon the application of the appropriate provisions of Article 567 of the Code of Practice, reading as follows:
“The party against whom' judgment has been rendered can not appeal:
“1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.”
The latest interpretation of this provision by the Supreme Court is found in Scott v. Scott, 218 La. 211, 48 So.2d 899, 901. In the opinion the court declared:
“Under Article 567 of the Code of Practice, a party against whom a judgment has been rendered cannot appeal if such judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily. Under the well settled jurisprudence of this state, however, to lose the’ right of appeal there must be an unconditional, Voluntary, and absolute acquiescence in the judgment on the part of the. appellant, who must have. intended to •acquiesce -and-to abandon-his.right of appeal. Saunders v. Busch Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, State Auditor, 204 La. 834; 16 So.2d 451; City of Monroe v. Glasscock, Morrison, Conner Const. Co., La.App., 178 So. 684; Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822.” ■, ;
In order to sustain a motion to dismiss on' the "ground of satisfaction or 'acquiescence, wé think' there can be no. possible question as to the necessity for the establishment of the, intention on the part of the judgment debtor to abandon his right of appeal. This principle is only further evidence of the well estabfished general rule \yhich favors the protection of thé right of appeal. It is therefore incumbent upon us to carefully examine the record, as made up on the motion to dismiss,, in the effort to determine and fix the intent of the appellant in connection with .the execution of the mooted “Satisfaction of Judgment”,
Under the stimulus of plaintiff’s counsel’s letter . of January 21,‘ 1953, advising that:
* * unless the defendant; forwards a, check , to plaintiff covering the principal amount of the judgment, together with interest and all costs by Monday, January 26th, 1953, it will be •necessary that a-fi. fa., be issued and •that'property of the defendant be seized to satisfy said,judgment.” ,
counsel for defendant directed a letter dated January 22, 1953, to the attorney for plaintiff which contained the .following unqualified and unconditional statement:
“You may rest assured that-we shall deliver this check in full to you at our *688 earliest opportunity and that it will not be necessary to secure any writ whatsoever to collect this judgment.”
The check and the instrument evidencing satisfaction were delivered on January 26, 1953. Reference.to said instrument, whi'ch, as we have observed, was prepared by counsel for defendant, discloses the following relevant points:
1. The instrument is captioned Satisfaction of Judgment.
2. Article 1 reads as follows:
“That on this day the full sum of $3,925.-36, was paid in satisfaction of the judgment in said matter by the defendant to the said plaintiffs and their attorney.”
3. .The instrument does not provide for any qualification, any- condition or any reservation of rights.
If w.e. should stop at this point it would be evident that the above .recited facts in and of themselves alone would not only justify but would impel the allowance of the motion to dismiss. But, in the search for intent which is 'an integral and requisite factor, we must proceed to a consideration of other circumstances.
We eliminate any comment upon or consideration of the respective statements of counsel for the parties .which are above outlined in Parts II .and III of the stipulation and agreement. We think this action is proper, first, because there is merit in the objection to parol testimony, and, second, because the' -contradictory statements of counsel militate against a decisive conclusion.
But there is, we believe, another and most important element which conclusively and certainly settles the otherwise doubtful question of intention.
A chronological recapitulation of the procedure before this court subsequent to the execution of the satisfaction of judgment on January 26, 1953 establishes these material facts:
1. Transcript of appeal was filed March 3, 1953, and’the docket No. 7959 was assigned to said appeal.
2. The appeal was placed on the calendar of the court for hearing of arguments on May 25, 1953.
3. Answer to appeal on behalf of plaintiff-appellee was filed May 11, 1953.
4. Briefs on behalf of both appellant and appellee were filed on May 18, 1953.
5. The appeal was argued and submitted by counsel for appellant and appellee, on May 25, 1953.
6. On June 30, 1953, the opinion and judgment of this court, reversing the judgment in favor of plaintiff and rendering judgment in favor of defendant rejécting plaintiff’s demands, was rendered.
7. As above noted, application for rehearing, accompanied by brief, was filed on July 8, 1953, and motion to dismiss was filed July 10, 1953.
8. On March 1, 1954, the motion to .dismiss was submitted on briefs.
We think it is inconceivable that an appellant who intended to unconditionally satisfy a judgment and abandon his right of appeal would have caused the transcript of appeal to be' filed -with the utmost dispatch, and would have proceeded to brief and orally argue the appeal.
It would appear to be equally inconceivable that an attorney who had procured an unconditional satisfaction of a judgment without knowledge of any intent or purpose on the part of opposing counsel to-prosecute an appeal, and who relied upon what he now urges to be an unconditional satisfaction and abandonment of appeal, would have:
(a). Answered the appeal.
(b). Briefed the appeal.
(c). Argued the appeal.
(d). Filed motion and brief for rehearing after an adverse judgment.
before ever resorting to the filing of a motion to dismiss.
*689 On the basis of the above facts which are reflected in the record itself, and in the course of procedure in connection with the appeal before this court, we are firmly convinced that the essential element of intention to renounce the right of appeal is entirely lacking. Nor are we content to rest upon this negative failure to establish the element of intent, but rather we feel assured that the entire course of action and conduct of respective counsel has established a complete recognition of a bona fide appeal. '
For the reasons assigned the motion to dismiss is denied.