McBRIDE, Judge.
In this suit plaintiff recovered a judgment against defendant, William Marshall, individually, and administrator and/or natural tutor of the estate of the minor Yvomie S. Marshall, for the sum of $529.-60, with legal interest thereon from judicial demand until paid and for all costs of court. William Marshall, individually and on behalf of the minor, took a devolutive appeal from the judgment and the appellee has moved to dismiss the appeal under Code Prac. art. 567 on the ground that defendant has acquiesced in the judgment. From an affidavit annexed to the motion it appears:
“That under date of July 7, 1955, appellant paid the sum of five hundred twenty-nine dollars and sixty cents ($529.60) on account of the judgment rendered herein, and agreed to pay the remainder thereof including costs and charges, voluntarily, and without any reservation of any right of appeal; that subsequently on January 20, 1956, appellant paid the remainder of the-judgment, in the amount of one hundred sixty-four dollars and nineteen cents ($164.19) voluntarily, and without any reservation of any right of appeal, with the request that appellee’s counsel ‘prepare the necessary letters to the Clerk of Court in order that appellant may have the docket marked satisfied and erase the recordation of the judgment in question.’ That thereafter appellee’s counsel prepared and furnished appellant with all documents and letters necessary for the satisfaction of the docket, and subsequently appeared at the Clerk’s office personally to mark the docket satisfied, when it was learned that the day before appellant had filed the appeal herein and the ■Clerk would not accept a satisfaction, of the docket in view thereof.”
*759 There is no merit in the motion. By the provisions of Art. 567 of the Code of Practice the party against whom a judgment has been rendered cannot appeal if the judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily. However, it is well settled in this state that to lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment on the part of the appellant who must have intended to acquiesce and to abandon his right of appeal. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, 204 La. 834, 16 So.2d 451; City of Monroe v. Glasscock, Morrison, Conner Const. Co., La.App., 178 So. 684; Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822; Scott v. Scott, 218 La. 211, 48 So.2d 899, 901.
In the case lastly cited above the Supreme Court said:
“The fact that the appellant made alimony payments and before appeal sought by rule to be relieved from the payment of any alimony does not, in our opinion, show any acquiescence whatsoever on his part in the judgment or an intention to abandon his right of appeal, and is not an admission by him that any alimony is due. Since it was necessary to make the alimony payments to avoid the risk of being punished for contempt of court because no suspensive appeal was taken from the judgment, there was no unconditional voluntary, and absolute acquiescence in the judgment. * * * It may be that the appellant was unable to make a suspensive appeal bond, and in such a case, in order to be entitled to a devolutive appeal to this court, under appellee’s theory he would have to refuse to pay the alimony and subject himself to punishment for contempt. The law does not contemplate that a party ordered to pay alimony should render himself liable to pun-íshment for contempt of court and possibly sentence to jail in order to preserve his right to a devolutive appeal.”
We might paraphrase the above language used by the Supreme Court and say that the fact that the appellant in the instant case made the payment of $529.60 and agreed to pay the remainder of the judgment does not, in our opinion, show any acquiescence whatsoever on his part in the judgment or an intention to abandon his right of appeal, and such payment and promise to pay the balance are not such an admission by him that the judgment is correct. It was not necessary that appellant specifically reserve his right of appeal. If he had not paid the judgment, he would have assumed the risk of having his property seized under a writ of fieri facias and, indeed, the record shows that when appellant paid the $164.19 on January 20, 1956, certain property had been levied on by the Sheriff. We do not know what appellant’s reason was for not taking a suspensive appeal or whether he had any reason at all, but the law gave him the right to perfect a devolutive appeal within one year from the rendition of the judgment, which he has now done, and under the circumstances of the case, the mere fact that he paid the judgment in order not to suffer the seizure of his property cannot be considered an acquiescence in the judgment or a waiver of the right to have the judgment reviewed on devol-utive appeal.
From the affidavit appellant sought to obtain a “satisfaction of the docket” and he evidently did so in order to relieve his property from the inscription of the judicial mortgage resulting from the recordation of the judgment in the mortgage office. Upon satisfying the judgment appellant had that right and his exercise of it cannot be construed as in any wise adversely affecting his right to the appeal.
The motion to dismiss the appeal is denied.
Motion denied.