SIMON, Justice.
 

 On May 20, 1952, a contract, executed under private signature, was entered into whereby plaintiffs agreed to sell to defendants certain immovable property for the price of $14,700, represented by two promissory notes, one for the sum of $7,500, payable in monthly installments of' $75 ; the other for the sum of $7,200, due and payable in equal monthly installments of $75, the first monthly installment to be paid on or before October 16, 1960. .However, it was further stipulated that the interest on the second promissory note, amounting to $24 each month, would be paid monthly beginning May 16, 1952, and that during the period of payments on both notes defendant-purchasers would have the right of possession, occupancy and use of said property; that title thereto would be authentically conveyed only upon full payment of the first note of $7,500.
 

 Defendants failed to meet five monthly installments, and plaintiffs, after putting defendants in default, filed this suit to recover the unpaid amounts, or the sum of $495, with attorney fees, interest and costs; and, further, to recover the possession of the property. Alleging that they feared that the defendants may make use of their possession to dilapidate, depreciate or to waste the fruits and revenues produced by said property, convert them to their own use or damage the improvements thereon, plaintiffs prayed for and obtained a writ of sequestration.
 

 Upon trial of the merits, judgment was rendered in favor of plaintiffs, maintaining and making executory the writ of sequestration sued out herein, and it was ordered that the subject property, together with any funds on hand after payment of any costs, be returned by the sheriff to the plaintiffs, and that the sequestration bond issued herein be cancelled. This judgment was rendered, read and signed in open court on June 29, 1956.
 

 On July 30, 1956, the defendants filed a motion for a devolutive appeal. The plaintiffs objected to the granting thereof, contending that the defendants, having acquiesced in the judgment, were barred from appealing therefrom. This objection was overruled by the trial judge, the devolutive appeal granted, and, on September 18, 1956, lodged in this court.
 

 
 *467
 
 •On October 11, 1956, plaintiffs. filed a •motion to dismiss the appeal, coupled with a claim for damages. In support of their motion to dismiss, plaintiffs allege that (1) defendant allowed the judgment to become executory and without objection permitted the property to be placed in the hands of plaintiffs by the sheriff who had custody thereof by virtue of the writ of sequestration; (2) defendants failed to move for and obtain a suspensive appeal, thereby acquiescing in the execution of the judgment; (3) the appeal is frivolous and taken only for purposes of delay.
 

 In support of their motion for damages, plaintiffs contend that damages are allowable on the grounds that (1) this judgment is not a money judgment but one purely in rem; and (2) the devolutive appeal is frivolous.
 

 Another contention advanced by plaintiffs for the dismissal of this devolutive appeal is the fact that a suit between the same parties herein is pending on the docket of this Court, which has for its objects the rescission and cancellation of the said contract of sale and a money judgment for unpaid and delinquent installments.
 
 [1]
 
 The cause pending is a suspensive appeal perfected by defendants from a judgment rendered by the trial court rescinding the said contract between the parties due to a default in payments and awarding a money judgment.
 

 In the instant case, the judgment devolutively appealed from is a final and definitive judgment from which the defendants, feeling aggrieved thereby, are given the right of appeal. Code of Practice Article 571.
 

 “Under Article 567 of the Code of Practice, a party against whom a judgment has been rendered cannot appeal if such judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily. Under the well settled jurisprudence of this state, however, to lose the right of appeal there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant,' who must have intended to acquiesce and to abandon his right of appeal. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, 204 La. 834, 16 So.2d 451; City of Monroe v. Glasscock, Morrison, Conner Const. Co., La.App., 178 So. 684; Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822.” Scott v. Scott, 218 La. 211, 48 So.2d 899, 901.
 

 We find no merit in the contention of counsel for the plaintiffs that defendants’ failure to have applied for a suspensive ap
 
 *469
 
 peal operates as an acquiescence in the judgment devolutively appealed from.
 

 The mere fact that an unsuccessful litigant against whom a judgment is rendered fails to apply for a suspensive appeal, but timely obtains a devolutive appeal, can not in any manner be held to import an acquiescence in the judgment. Succession of Bougere, 28 La.Ann. 743.
 

 Under our law and jurisprudence appeals are favored and aided by the courts. State ex rel. Durand v. Parish Judge, 30 La.Ann. 282; First Nat’l Bank of Ruston v. Lagrone, 164 La. 907, 114 So. 832; Pool v. Gaudin, 207 La. 403, 21 So.2d 424. One against whom a final judgment has been rendered in a cause in which an appeal is given by law, is entitled to an appeal as a matter of right. La.Code of Practice, Art. 565. Having a right of appeal, the law itself regulates the effect to be given such appeal. Young v. Village of Bossier City, 152 La. 18, 92 So. 719.
 

 The contention of plaintiffs, seeking the dismissal of the devolutive appeal by motion on the ground that the appeal is frivolous and was taken merely for purposes of delay and harassment, is equally without merit.
 

 A motion to dismiss an appeal can not be based upon the ground that the appeal is frivolous. Obviously, to determine whether an appeal is frivolous or is taken for purposes of delay and harassment necessarily requires an examination of, and a decision on, the merits of the appeal. It is only after the appeal has been heard on its merits, in due course, can we resolve the contentions of plaintiffs. State ex rel. Duffard v. Whitaker, 45 La.Ann. 1299, 14 So. 66; Succession of Pavelka, 161 La. 728, 109 So. 403, and authorities therein cited.
 

 It has long been the law of this state that where the judgment is, in its nature, appealable, and the appeal has been granted and perfected, the right to be heard on such appeal does not depend on the merits of appellants’ case, which are to be determined upon such hearing, and not upon a motion to dismiss. Board of School Directors of Caldwell Parish v. Meridith, 140 La. 269, 72 So. 960.
 

 Plaintiffs’ claim for damages by this motion to dismiss can not be entertained, for it is well recognized that a demand for damages for the taking of a frivolous appeal can not be made on a motion to dismiss the appeal, but can only be requested in an answer to the appeal and thereafter resolved after a hearing on the merits. La.Code of Practice, Articles 887 and 907; Succession of Pavelka, supra.
 

 Accordingly, for the reasons assigned, the motion to dismiss is denied.
 

 [1]
 

 . Buell R. Kendrick, et ux. v. Marvin R. Garrene, et ux., No. 43,061 of the docket of this Court.