SAMUEL, Judge.
Plaintiff filed a claim for unemployment compensation benefits with the Division of Employment Security, Department of Labor. The claim was denied and in due course the plaintiff obtained a judicial review by appealing to the District Court for the Parish of St. Charles. That court rendered a judgment reversing the decision of the Board of Review and ordered the ad *92 ministrator to pay to the plaintiff all unemployment compensation benefits due him.
The defendant has taken a devolutive appeal but, prior to the filing of his petition for appeal, he paid the plaintiff the sum of $1,674, the amount due in accordance with the aforesaid judgment. The plaintiff has moved to dismiss the appeal under Code of Practice Art. 567 on the ground that the defendant acquiesced in the judgment by voluntarily paying the same.
The defendant has answered the motion by denying that the amount was voluntarily paid and contending that the same was paid in compliance with the aforesaid judgment of the district court and in compliance with the Louisiana Employment Security Law, particularly LSA-R.S. 23:1635 relative to the payment of benefit claims pending appeals. It is the defendant’s position that the Louisiana Employment Security Law does not allow the taking of an appeal which will suspend the judgment of a district court favorable to the claimant, that only a devolutive appeal is allowed, that the law required prompt payment of such a judgment pending the appeal, and that this suit is not moot because if it be finally determined that the employee was improperly paid then the contributing employer’s account must be credited and the employee assessed with an overpayment. Defendant prays for the denial of the motion and, in the alternative, if the appeal be dismissed, that this court decide whether or not a sus-pensive appeal may be taken from the judgment of a district court awarding unemployment compensation benefits.
Under the provisions of Art. 567 of the Code of Practice the party against whom a judgment has been rendered cannot appeal if he has acquiesced in the same by executing it voluntarily. However, to lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment by the appellant, who must have intended to acquiesce a^d abandon his right to appeal. Scott Scott, 218 La. 211, 48 So.2d 899; Roussel v. Marshall, La.App., 86 So.2d 758; Succession of Franz, 238 La. 608, 116 So.2d 267.
 Appeals are favored and aided by the courts. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603. Where a litigant who is appealing is required by law to pay or deposit an amount as directed by the judgment and regardless of the appeal, in doing either he does not acquiesce in that judgment. State Through Department of Highways v. Rownd, La.App., 119 So.2d 282.
In the instant case we do not pass on the question of whether or not the defendant had the right to take a suspensive appeal. That question is not before us for the reason that no attempt has been made to take such an appeal. Nor are we called upon to decide whether or not the administrator is required by law to pay the judgment of the' district court promptly and despite the pendency of an appeal.
It is sufficient to say that the tenor, wording and apparent purpose (unemployment compensation obviously requiring speedy payment in order to be effective) of the Louisiana Employment Security Law are such as to make both reasonable and logical the administrator’s interpretation to the effect that he was required by that law to pay the claimant without delay and despite the appeal. For even if this interpretation is incorrect the error in law involved (LSA-Civil Code, Art. 1846), together with all of the facts herein, leave no doubt that the defendant had no intention of acquiescing in the judgment. Sims v. Jeter, 129 La. 262, 55 So. 877.
The motion to dismiss is denied.
Motion denied.