L. JULIAN SAMUEL, Judge pro tem.
This devolutive appeal, taken by defendant (by supplemental pleadings the defendant was changed from a corporation to a person), has been attacked by plaintiff in a motion to dismiss based on the allegation that defendant is prohibited from taking the appeal because he has acquiesced in the judgment by paying the same.
The judgment involved is for $1,313.54. After it had been signed plaintiff obtained a writ of fieri facias and garnishment against the Bank of New Orleans & Trust Company on the defendant’s account in that bank. About three weeks later, and without any reservation of his right to appeal, defendant paid the judgment in full, this payment being made by the defendant personally and not by or through the garnishee or the garnishment. The appeal was taken at a later date.
The applicable law is contained in Art. 2085 of the Louisiana Code of Civil Procedure, LSA, the pertinent portion of which article provides: “An appeal cannot be taken by a party * * * who voluntarily and unconditionally acquiesced in a judgment rendered against him.”
It is quite clear under the aforesaid Art. 2085 and under the jurisprudence interpreting the former law, Code of Practice Art. 567, that the acquiescence required must be completely voluntary and unconditional. Culpepper v. Slater, La.App., 131 So.2d 76; Kendrick v. Garrene, 231 La. 462, 91 So. 2d 603; Scott v. Scott, 218 La. 211, 48 So. 2d 899.
In the instant case-the fact that payment of the judgment was made when *337 the defendant’s property was under seizure, quite obviously for the purpose of lifting that seizure, cannot he considered an acquiescence in the judgment sufficient to forfeit or waive the right to have the judgment reviewed on devolutive appeal. Roussel v. Marshall, La.App., 86 So.2d 758.
The motion to dismiss the appeal is denied.
Motion denied.