LOTTINGER, Judge.
ON MOTION TO DISMISS APPEAL
Clyde Harris Langlois, plaintiff-appellee, filed this suit on July 9, 1970, against Southern Timber, Inc. of Woodville, Miss., Leonard Dauzart, Jr. and James Dauzart, to recover damages for breach of contract. This matter was tried on April 20, 1971. On May 27, 1971, judgment was rendered in favor of plaintiff Langlois and against Southern Timber, in the sum of $990.00, plus interest and costs.
On August 3, 1971, Southern Timber paid to Langlois the amount of the judgment and paid to the Clerk of Court of the *321 Parish of Pointe Coupee the amount of the court costs accrued in this case in full. No rights to appeal were reserved in any form either by Southern Timber or on its behalf at the time these payments were made.
On August 24, 1971, Southern Timber filed a motion for a devolutive appeal. Langlois has filed a motion to dismiss the appeal under C.C.P. Art. 2085, on the ground that Southern Timber, defendant-appellant, has acquiesced in the judgment rendered against it by the District Court by unconditionally, voluntarily, and absolutely executing it.
Appellee asserts that it is well settled that payment of a judgment, wholly or in part, amounts to acquiescence, under Art. 2085. He cites in his favor Meyer v. McClellan, 26 So.2d 373 (La.App.Orleans, 1946); Griffis v. Harmon & Crane, 108 So.2d 822 (La.App. 2nd Cir., 1959); and Tolmas v. Lofaso, 12 La.App. 233, 125 So. 887 (La.App.Orleans, 1930).
All of these cases were decided under the 1870 Code of Practice, Art. 567, in which the expression “executing it (the judgment) voluntarily” was used. In the McClellan case, the Court said that this expression could not “mean anything else but paying the judgment or complying with the order.” See, also concurring opinion of O’Niell, C. J., in Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99 (1931).
C.C.P. Art. 2085 provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.” (Emphasis ours)
In C.C.P. Art. 2085, the corresponding expression is “voluntarily and unconditionally acquiesced in a judgment rendered against him”. The phrase “voluntarily and unconditionally” should add nothing to the interpretation of the article, however, since it is merely a codification of prior jurisprudence under the Code of Practice. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153 (1916); Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (1941); and Scott v. Scott, 218 La. 211, 48 So.2d 899 (1950).
Appellee’s motion seems well-founded. Voluntary payment without reservation of rights would certainly seem to be an acquiescence in, or voluntary execution of the judgment. The motion to dismiss, therefore, is hereby granted.
Appeal dismissed.