CULPEPPER, Judge.
Plaintiff seeks payment for certain repairs which he made to defendant’s large caterpillar tractor. The defense is failure to make the repairs agreed upon and improper workmanship. The district judge awarded plaintiff $3,341.85, plus interest, etc., recognized his lien and privilege and maintained the writ of sequestration. Defendant appealed devolutively.
ON MOTION TO DISMISS APPEAL
The first issue concerns plaintiff’s motion to dismiss defendant’s appeal on the grounds of acquiescence in the judgment by payment. The record shows that at the trial defendant was represented by counsel. But after judgment was rendered against him, plaintiff handled this appeal in proper person.
An order for a suspensive and devolutive appeal was entered on January II, 1972. The suspensive appeal was not perfected. The devolutive appeal was perfected by the posting of a cash bond of $500 on February 17, 1972. On March 29, 1972, defendant paid to plaintiff’s attorney $4,341.85 in full payment of the judgment. This attorney wrote a letter authorizing the cancellation of the judgment and the release of the tractor from sequestration.
LSA-C.C.P. Article 2085 provides:
“An appeal cannot be taken by a party who confessed judgment in the proceed *827 ings in the trial court or who voluntarily and tmconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.” (Emphasis supplied)
Plaintiff contends the judgment was voluntarily and unconditionally paid, has now been canceled from the records of Grant Parish and hence the appeal must be dismissed.
In an opposition to the motion to dismiss the appeal, defendant contends the payment was involuntary, since “In order for me to move my dozer to Monroe to have it repaired so that I might put the dozer to work, I was forced to make full payment of judgment rendered.”
In Scott v. Scott, 218 La. 211, 48 So.2d 899 (1950) our Supreme Court construed Code of Practice Article 567, the source of our present Code of Civil Procedure Article 2085, as follows:
“Under the well settled jurisprudence of this state, however, to lose the right of appeal there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant, who must have intended to acquiesce and to abandon his right of appeal.” (Citations omitted)
Walker v. Shreveport Railways Company, 71 So.2d 683 (La.App. 2d Cir. 1954) writ of certiorari denied, involved facts similar to those in the present case. In Walker, as here, there was no express reservation of rights by appellant in the document acknowledging payment. And no writ of fieri facias had been issued. In Walker, the appellee had threatened execution. There is no evidence here of a threat of execution, but appellant had the equally compelling stimulus of the necessity of securing the release of his tractor from sequestration. In Walker, as in the present case, after the judgment was paid the appellant proceeded with his appeal by lodging the transcript and briefing and arguing his case. In Walker, the court quoted from Scott v. Scott, supra, and emphasized the necessity of showing an intention by appellant to abandon his appeal. The court held that under the circumstances there was no “intention on the part of the judgment debtor to abandon his right of appeal.”
We think the rationale of these decisions applies in the present case. Under all the circumstances, there was clearly no intention on the part of the appellant to abandon his right of appeal. The motion to dismiss must therefore be denied.
ON THE MERITS
The district judge has given written reasons which are fully supported by the evidence and which we adopt as our own:
“The defendant, who stated that he knew nothing about heavy machinery, testified that he bought this bulldozer at an auction in Texas for $2,000.00 and sent it to plaintiff’s place of business in Alexandria. Plaintiff looked it over and certain work was agreed upon. The defendant contends that plaintiff guaranteed to put the tractor in first class working condition but the plaintiff testified that he agreed to do certain work on the tractor such as to enable the tractor to do light clearing. The defendant apparently owned 60 acres of land near Pollock which he proposed to clear himself. The work was completed and the defendant signed the invoice listing the work done and gave plaintiff a check for $2,000.00 in partial payment. Subsequently, defendant stopped payment on this check and plaintiff has brought suit for the amount of $3341.85 for the work done.
“Defendant offered the testimony of Mr. Ralston who is a heavy equipment mechanic and very qualified in his field. *828 He stated that this tractor had been sitting up for an extended period of time and that a new tractor of this type would cost $61,000. Mr. Ralston drove the tractor and pushed up one or two stumps. He also testified that the tractor would run and would do light clearing but that it would not stand up in heavy timber.
“The Court does not accept defendant’s version that the plaintiff agreed to put this tractor in first class condition. Instead, the Court accepts the version of Mr. Baker that he agreed to do certain work and try to get the tractor in condition to do light clearing of the type intended by defendant. The defendant’s expert witness, Mr. Ralston, testified that the tractor would do this type of work. Therefore, the plaintiff has fulfilled his contract and he is entitled to recover the amount due by the defendant.
“Defendant next contends that he gave plaintiff a check for $1200.00 to pay for a blade to be installed on the front of the tractor, that said blade was defective and unuseable and asked for credit for this amount. The plaintiff testified that the defendant inspected the blade before it was purchased from a third party and took it knowing its condition. The Court accepts the plaintiff’s testimony in this respect and defendant is not entitled to an off-set for the cost of the blade.
“In this case, defendant, who admittedly knew nothing about heavy machinery went to an auction and bought a bulldozer which had been sitting up for an extended period of time. He knew nothing of its condition and bought it ‘as is’. He then attempted to have it repaired and when it did not suit him he stopped payment on the check and refused to pay for any of the work. The Court feels, however, that plaintiff has fulfilled his obligation in every respect and this is substantiated by the testimony of defendant’s expert witness, Mr. Ralston.”
For the reasons assigned, the motion to dismiss defendant’s appeal is denied and the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.