PONDER, Judge.
Appellee moved to dismiss the appeal on the grounds that appellant has acquiesced in the judgment.
This acquiescence is the sole issue. We deny the motion.
The pertinent portions of the judgment read as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff and against defendants, in solido, for $45,790.00 with interest at the rate of 8% per annum from date due until paid, and for rental at the rate of $1,425.00 per month for the first floor, $100.00 per month for the vacant lot, and $1,140.00 per month for the second floor from June 1, 1980, until vacated under the terms of this judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs in recon-vention and against defendant in recon-vention, Cohn Realty Company, Inc. for $10,372.43 with interest at the rate of 8% on $4,969.79 and $2,650.00 from dates paid out by plaintiff in reconvention until paid, interest on the remainder to be at the legal rate from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff in reconvention dissolving the lease as of the date this judgment becomes final, plaintiff in reconvention is to vacate the second floor on the last date of that month, and the lease is dissolved on the second floor as of that date. Thereafter, the lease is continued on the vacant lot and first floor until the last day of the sixth month following the date of final judgment, unless plaintiff in reconvention desires to terminate sooner, in writing addressed to the attorney of record herein for Cohn Realty Co., Inc.”
Defendant appealed suspensively. Later it vacated the premises.
Appellee contends that because the right to dissolve the lease is contingent upon appellant’s paying the rent until the premises are vacated, the termination of the lease is an acquiescence in that portion of the judgment ordering rental paid from June 1, 1980 to date.
Acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment. LSA-C.C.P. Art. 2085.[1] Because appeals are favored in law, forfeiture of an appellant’s right through acquiescence should be decreed only when his intention to abandon the right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (La.1956); Major v. Louisiana Department of Highways, 327 So.2d 515 (1st Cir. 1976).
Appellant’s taking advantage of the option afforded it by that portion of the judgment in its favor does not clearly demonstrate an intention to acquiesce in the remainder of the judgment and to abandon the right of appeal.
MOTION DENIED.

. LSA-C.C.P. Art. 2085:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”