126 So.2d 635 (1961)
Mrs. Rosemary REINE
v.
BATON ROUGE COCA COLA BOTTLING COMPANY, Limited.
No. 5160.
Court of Appeal of Louisiana, First Circuit.
January 30, 1961.
Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
D'Amico & Curet, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
*636 HERGET, Judge.
This is a suit in which the plaintiff seeks to recover damages from the Baton Rouge Coca Cola Bottling Company, Limited, because of alleged injuries sustained by her upon discovering a bottled Coca Cola from which she was drinking on November 22, 1958 contained a foreign substance, to-wit: a roach egg; and on November 6, 1959 she discovered the bottle of Coca Cola from which she was drinking at that time contained a metal toy jack.
The Trial Judge in a well-reasoned opinion rendered judgment in favor of plaintiff and against the defendant for a total sum of $500, giving her (1) $300 for the injury sustained by her when she discovered the roach egg in the Coca Cola and (2) $200 when she discovered the metal toy jack. It is from this judgment the defendant brings this appeal.
It is the law of this State that the consumption by an individual of a bottled beverage from its original container and contaminated with unwholesome matter establishes a prima facie case for the assessment of damages against the manufacturer as established by the Supreme Court of this State in the case of Le Blanc v. Louisiana Coca Cola Bottling Company, Ltd., 221 La. 919, 60 So.2d 873. This decision was undoubtedly given careful consideration by the Court, as evidenced by the fact that in addition to the majority opinion there is a concurrence in the results by one of the justices; a dissent and assignment of reasons therefor by one of the justices and a concurrence with written reasons by one of the justices. The majority opinion was to the effect the doctrine of res ipsa loquitur had no application to such a factual situation and allowed recovery upon implied warranty and removed from the shoulder of one suffering an illness as a result of the consumption of deleterious matter the necessity of offering negative proof that the foreign substance in the beverage did not result from the mishandling by those other than the manufacturer.
The evidence in this case reveals the plaintiff has had many visitations to doctors and she appears to be emotionally unstable. It is a most unusual circumstance in this case the plaintiff testified that because of her nervous disorders a large part of her diet consists of Coca Cola, which she has used for quite some period of time before and after each of the incidents upon which she seeks recovery, and she relates on occasions she has drunk as many as eighteen bottles of Coca Cola a day.
We believe, in view of the decision of the Supreme Court in the case of Le Blanc v. Louisiana Coca Cola Bottling Company, supra, the observation of the plaintiff by the trial judge becomes of paramount importance as it appears that the issue becomes fundamentally one of the court's impression of the credibility of the person seeking recovery. On the occasion of November 22, 1958, when she allegedly drank the Coca Cola containing the roach egg, her husband as well as a Mrs. Breaux were present and corroborated the fact that upon the discovery of the foreign matter in the Coca Cola she became ill, vomited and was nauseated for several days. The plaintiff, Mrs. Reine, testified on the occasion when she drank the Coca Cola containing the toy metal jack, her husband and two children were present and the Coca Cola had a metallic taste which was offensive to her and caused her to become nauseated. After the happening of both instances the plaintiff maintained she was nauseated but did not obtain or seek medical aid except following the drinking of the Coca Cola on November 6, 1959 containing the metal jack she did consult Doctor Moody. He testified as an expert in the case and stated the condition for which he saw her on the 28 of November, 1959 had no connection with her drinking the Coca Cola with the metal jack in it, though on cross-examination he testified it was his feeling the drinking of the Coca Cola was at least partially responsible for her being upset.
Counsel for defendant maintains, alternatively, that plaintiff's alleged injuries *637 were so slight that the doctrine of "De minimis non curat lex" is applicable and plaintiff is not entitled to any award whatever.
Though we are convinced from the medical testimony plaintiff's general physical condition of nervousness and instability, which unfortunately she seems to have attained, are not attributable to her consumption of the Coca Cola beverages on the two occasions, we are in accord with the observation of the Trial Judge wherein, in his written reasons, he said:
"There can be little doubt that the plaintiff is somewhat emotionally unstable and that her stomach becomes upset easily from things that would only tend to nauseate a normal person. If anything could sour the stomach of a person possessed of a strong constitution, I think the knowledge of having drunk something containing a roach egg would do it. After a careful consideration of all the evidence I am convinced that this plaintiff suffered some but no serious damage as the result of drinking the Coca Colas."
We believe that Mrs. Reine's injuries resulting from the consumption of the beverages were not of a serious nature but do not consider inconsequential the mental revulsion with accompanying physical discomfort upon her discovery that the beverage from which she drank on November 22, 1958 contained a roach egg. Therefore, we are in accord with the judgment of the Trial Court in the allowance of the sum of $300 for the injuries sustained by plaintiff resulting from the imbibing of the Coca Cola containing the roach egg; likewise, we are in accord with the finding of the Trial Court that $200 is adequate compensation for the injuries sustained by plaintiff upon observing the toy jack in the Coca Cola bottle from which she drank on November 6, 1959 and the resultant discomfort from the metallic taste which she testified the Coca Cola had.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Trial Court be affirmed.
Judgment affirmed.