GEORGE JANVIER, Judge pro tem.
This matter comes before us on motion of appellee to dismiss the appeal, or, in the alternative, to treat it as merely devolutive.
The motion to dismiss is based on either of two grounds: (1) That there has been acquiescence in the judgment of the District Court, and (2) because of the provisions of section 1635, LSA-R.S. 23, there may be no suspensive appeal from such a judgment.
The contention that there has been acquiescence is based on the fact that when the attorney for the claimant sent to the Administrator a copy of the judgment of the District Court, the Administrator wrote to the attorney for the claimant a letter reading as follows:
“We are in receipt of an unsigned copy of judgment along with written reasons therefor in the above captioned matter. Will you please have a certified copy of same forwarded to this office in order that we might be able to honor same.”
In Zeringue v. Administrator, Div. of Emp. Sec., Dept. of La., La.App., 127 So.2d 91, we considered questions analogous to those now before us and we particularly discussed the question of what is required to evidence acquiescence in a judgment and by that acquiescence loss of the right of appeal. We said:
“ * * * However, to lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment by the appellant, who must have intended to acquiesce and abandon his right to appeal. Scott v. Scott, 218 La. 211, 48 So.2d 899; Roussel v. Marshall, La.App., 86 So.2d 758; Succession of Franz, 238 La. 608, 116 So.2d 267.”
After an analysis of the letter from which we have quoted, we reach the conclusion that there has not been evidenced an unconditional, voluntary and absolute acquiescence in the judgment.
The contention that there may be no suspensive appeal from such a judgment is based on an improper interpretation of certain provisions of LSA-R.S. 23:1635. In that section it is provided that:
“ * * * If a determination allowing benefits is affirmed in any amount *31 by an appeal tribunal, or is so affirmed by the board of review, or if a decision of an appeal tribunal allowing benefits is affirmed in any amount by the board of review, such benefits shall be promptly paid regardless of any further appeal, and no injunction, suspensive appeal, stay, or other writ or process suspending the payment of such benefits shall be issued by the board of review or any court.”
It is contended that the District Court which rendered the decision in favor of the claimant is an appeal tribunal within the contemplation of the statute and that, therefore, since there has been a decision favorable to the claimant rendered by the District Court, there may be no suspensive appeal therefrom.
This contention overlooks the fact that the words “appeal tribunal” as they appear in section 1635, and, in fact, throughout the other provisions of the statute, do not refer to a court but refer to that special appeal tribunal which is created as a part of the administrative process of the Department. When a claim is made, there are several proceedings to which the claimant is entitled and one of these is a hearing by “an appeal tribunal”. The statute, in section 1633, provides for such hearing by an “appeal tribunal”. In section 1634, it is provided that any party, after several administrative hearings referred to, “may obtain judicial review thereof by filing in the district * * * a petition for review of the decision, * * *.” A decision by a court is not the decision of the "appeal tribunal.” In other words, we think it perfectly clear that there may be a suspensive appeal from a District Court to an appellate court unless there has previously been a favorable decision by the “appeal tribunal” which precedes the judicial hearing.
We reach this conclusion regardless of the fact that in our decision in the Zeringue case, supra, we stated that the apparent purpose of the unemployment compensation statute is to assure speedy payment of any unemployment compensation which may be due. It is interesting to note that in that case the Administratrix assumed a position diametrically opposite to that which the present Administrator assumes and contended that there could be no suspensive appeal and, that, therefore, when he made payment under the judgment of court, he was forced to do so and that payment, therefore, could not be considered as acquiescence. We now feel that the position contended for at that time by the Administrator was incorrect and that his present contention is sound.
We conclude that there is nothing in the statute to prevent the granting of a suspen-sive appeal. Accordingly, the motion to dismiss must be overruled.
Motion overruled.