LOTTINGER, Judge.
This is a tort action wherein the plaintiff seeks damages arising from the effects of having drunk from a bottle of Coca-Cola which contained an alleged foreign substance. The Lower Court found in her favor and awarded her the sum of $500.00 for personal injuries together with medical expenses in the amount of $35.50. The defendant has appealed and the plaintiff has answered the appeal praying for an increase in the judgment to the amount of $785.05.
The record amply substantiates the factual findings of the Lower Court as rendered in its reasons for judgment which are as follows:
"This suit was heard on its merits on October 16, 1962, and at the conclusion of the testimony, the Court heard argument of counsel and rendered judgment. The oral reasons for judgment which the Court gave at the conclusion -of the argument by counsel were not dictated into the record as is the custom of this Court, and the Court now will give a brief resume of its reasons for judgment.
“There is no doubt that the Coca-Cola which was consumed by the plaintiff had some foreign substance or material in the Coca-Cola bottle. All of the witnesses in the alteration room where the plaintiff was employed testified on this point and convinced the Court that there was some foreign matter described as about a quarter of an inch thick and slimy-like and something that could slide around in the bottom of the Coke Bottle. Mr. J. W. Goree, who is an employee of the defendant, described it as a brownish-looking substance possibly the size of a pencil or a crayon or something of that nature. Therefore, this testimony has convinced the Court that there was some foreign substance in the Coca-Cola. I am also convinced from the testimony of the other witnesses in the alteration room that the plaintiff consumed some of this Coke which contained the foreign substance.
“With regard to the effects that this had upon the plaintiff, the Court believes that immediately after consuming the Coca-Cola that it caused her to vomit, and the testimony of Dr. Leslier D. Hobgood convinced the Court that the plaintiff was quite nauseated and that he had her confined to the Lady of the Lake Hospital for a period of three days. His diagnosis was possible extrinsic poisoning, gastroduodenitis acute. Since the doctor was unable to make an analysis of the contents of the Coke bottle, he, of course, was unable to determine the etiology or the cause of the gastroduodenitis.
“With regard to the testimony of the plaintiff, the Court felt that she was somewhat less than candid with counsel when he had by deposition prior to trial taken her testimony. Notwithstanding discrepancies in the deposition from some of her testimony on trial, *493 the Court is nevertheless convinced that she did drink from the Coke bottle which contained a deleterious substance (unknown to the Court), that immediately thereafter she became sick and began to vomit and sought medical aid, that the day after she went to Dr. Hob-good suffering from this gastroduo-denitis; and from these facts the Court can reasonably infer that her illness was caused by drinking the Coca-Cola, and this the Court believes notwithstanding the fact that no analysis was made of the contents of the Coke bottle.
“With regard to the amount of damages, the Court found the sum of $500.-00 would adequately compensate her for the damages suffered as a result of this illness, together with' medical expenses of $35.50, and judgment was rendered therein accordingly.”
Counsel for the defendant lays great emphasis on certain discrepancies in the plaintiff’s testimony at the trial as compared with her deposition taken earlier. We have carefully examined the record and find that while these discrepancies do exist, they were of a minor nature and in no way detract from the fact that a foreign substance was in the bottle as was testified to by defendant’s own employee.
Additionally, counsel for defendant argues that his client was prejudiced by not having the contents of the bottle made available to it for analysis. Although the record indicates that it was intended that an analysis be made, same was never completed, a fact which we find to be of no moment. The record reflects, as stated before, that the plaintiff drank defendant’s product which contained a foreign substance and as a result of which she became ill. She is ipso facto entitled to recovery.
The plaintiff’s illness was as related by the Trial Judge and under the circumstances, we feel that his award was neither inadequate nor excessive.
For the reasons assigned, judgment appealed from is affirmed.
Judgment affirmed.