REID, Judge.
This is a suit by plaintiff, Ed Pierson, as the administrator of the estate of his minor son to recover damages allegedly resulting from his son’s illness after discovering the presence of a roach in a waxed milk carton, From a judgment rendered in favor of the defendant, The Borden Company, the plaintiff has appealed
On March 23, 1961, the plaintiff together with his wife and minor son and two grandchildren, drove from Hammond to Baton Rouge to visit his daughter. During their visit the sixteen year old son of plaintiff, Jimmy Pierson, purchased a carton of milk from a grocery store in Baton Rouge for the purpose of feeding one of the infant grandchildren.
Plaintiff’s minor son testified he went into the kitchen intending to fill a baby bottle to give the infant. He took a glass which had been upside down on a drainage rack and poured himself a glass of milk which he drank. He then prepared a bottle for the baby by first cleaning it. He described the bottle as plastic and non-transparent. As he was pouring milk into the bottle he saw a roach in the milk. He called his mother, reporting he thought he saw a roach in the milk. His mother poured the milk back into the carton whereupon the roach came to the surface. He testified he asked his mother if the roach was poisonous and she had said no, but it would make him awfully sick. He testified on the ride back to Hammond his stomach did not feel good and he felt as though he wanted to throw up but did not, and the next morning he still felt bad and has had difficulty drinking milk since that time.
The record is clear that plaintiff’s minor son did not go to a doctor and took no medication other than two aspirin which he took shortly after the incident occurred.
Although plaintiff’s wife allegedly poured the roach back into the carton and placed it back into the ice box, no attempt was made to have an analysis made of the milk to see whether there was any evidence of the roach being in the milk nor of the roach itself to see whether there were any particles of wax which would show the roach was present in the carton when it was purchased.
*569 The testimony of plaintiff himself does not add much to the case as he did not see his son drink the milk, nor was he present when he found the roach. He could only state that his son was gagging and spitting like he wanted to vomit. Plaintiff’s wife testified she was not present at the time the boy drank the milk nor did she see the roach until she had poured the milk back from the baby bottle into the milk carton.
Defendant had one witness, Mr. Morris A. Hill, a milk plant superintendent of The Borden Company, who testified the sanitary procedures used by the Company would make it virtually impossible for a roach to have been in the milk, and who further testified that if a roach had been in the carton at the time the carton was waxed, the insect would have shown parts of wax if an analysis had been made.
After viewing the evidence the Trial Judge rendered judgment for defendant without written reasons.
Plaintiff alleged three specifications of error: (1) the Judge erred in failing to apply the doctrine of strict liability to defendant, (2) the Judge erred in failing to find defendant was negligent, and (3) the Judge erred in failing to find that petitioner’s minor son was injured.
On oral argument plaintiff raised the point that as the defendant failed to offer any evidence whatsoever to contradict plaintiff’s witnesses and as the Trial Judge failed to comment upon the credibility of these witnesses their testimony should be accepted as true and in this respect the Trial Judge’s finding of fact should be given no weight.
Reviewing the facts in this case we have come to the conclusion the plaintiff has made out a prima facie case. We have the sworn testimony of plaintiff himself that a roach was in the milk. This is corroborated by his mother, who poured the milk from the baby’s bottle back into the milk carton. It is also corroborated to a certain extent by the testimony of the father that the boy was gagging and spitting like he wanted to vomit. This is not overcome by the testimony of defendant’s witnesses that it would be impossible for a roach to have been in the milk. There is nothing in the record to discredit the testimony of the plaintiff and his witnesses. There is no attack made on his credibility and we are of the opinion that he has proven his case as to liability.
With regard to quantum, plaintiff was a young boy, sixteen years of age, in good health at the time of the occurrence. He did not go to see a doctor, and the only medication administered was some aspirin tablets. Pie was all right the next day, and had no further ill effects. Under these circumstances we feel that a nominal award of $100.00 will be adequate. See Lartigue v. R. J. Reynolds Tobacco Company, 5 Cir., 317 F.2d 19; Reine v. Baton Rouge Coca Cola Bottling Company, La.App., 126 So.2d 635; Ferguson v. Parr, La.App., 85 So.2d 117.
It is, therefore, ordered that the judgment of the Lower Court be reversed and judgment is now rendered in favor of plaintiff, Ed Pierson, individually and as Administrator of the Estate of his minor son, Jimmy Pierson, against defendant, The Borden Company, in the full sum of $100.-00 with legal interest from judicial demand until paid and all costs of this suit.
Reversed and rendered.