216 So.2d 586 (1968)
Gertrude GLASPER
v.
WRIGHT ROOT BEER CO., Inc.
No. 7396.
Court of Appeal of Louisiana, First Circuit.
July 1, 1968.
Rehearing Denied December 16, 1968.
Patsy Jo McDowell, Baton Rouge, for appellant.
Seale, Smith, Baine & Phelps, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
LOTTINGER, Judge.
This is an action ex delicto to recover damages for injuries suffered when the *587 plaintiff, Gertrude Glasper, drank a soft drink manufactured by the defendant, Wright Root Beer Co., Inc., allegedly containing foreign materials in it.
The record points out without question that on March 2, 1967, the plaintiff drank a "strawberry" soft drink manufactured by the defendant, and purchased from a local grocery store in Baton Rouge, Louisiana. As the plaintiff and a cousin, Ida Nell Selders, returned from work, and prior to their eating supper, Ida Nell Selders went to the grocery store to buy both for herself and the plaintiff a soft drink to drink with their supper. Miss Selders purchased an orange drink for herself and a strawberry drink for the plaintiff. Upon returning to the residence, Ida Nell Selders placed the strawberry drink in the refrigerator, inasmuch as the plaintiff was tending to her young child. In a short while, the plaintiff finished tending to the young child, and removed the strawberry drink, which at this time had not been opened, from the refrigerator, opened same and commenced to drink from the bottle as she ate her supper. The soft drink in question was in a sixteen fluid ounce glass bottle.
It seems that after the plaintiff had drunk a considerable amount of the soft drink, say twelve fluid ounces, she happened to place the bottle on a table next to where she was sitting, and upon the table was a lamp which cast its brightness through the liquid which was in the clear glass bottle. Miss Selders, who was seated across the room, upon looking at the soft drink bottle noticed some sort of foreign material floating in the bottle. Both the plaintiff and Miss Selders testified that to them the foreign matter appeared to be roach wings.
Upon seeing this, both the plaintiff and her cousin took the soft drink to the home of the store owner to inform him of same. On being informed by the store owner that he could do nothing for them, they returned home with the partially filled bottle. Later that night, the plaintiff experienced nausea, vomiting, and considerable stomach pain. There is conflict as to the length of time plaintiff was sick, but after a complete study of the testimony, the Trial Court concluded that the plaintiff had been sick for four days. She was never treated by a doctor, though she did see a doctor who refused to treat her.
The soft drink that remained in the bottle was taken to Dr. Albert L. McQuown, a pathologist, for examination. Dr. McQuown testified that he found a mat of higher fungi including yeast cells, amorphous debris and cellulose fibers. He determined that this is usually produced or formed when an amount of soda pop is allowed to stand in a bottle after it has been used, and after a period of evaporation, a hard crust or mat forms on the inside edge of the bottle which cannot readily be removed by the normal washing processes which take place in the bottling plant. He further testified that the foreign matter found in the subject bottle was sterile and in his opinion no harm could have come from it. But, he did testify that one could have psychogenic symptoms, such as nausea and vomiting, from drinking such a substance. The Trial Court was of the opinion that this foreign matter was in the bottle prior to the time that it was opened, and with this opinion, we agree. The Trial Court based its conclusion on the fact that Dr. McQuown testified that the foreign matter would not have been sterile if it would have entered the bottle after the bottle would have been opened.
The Trial Judge awarded the plaintiff the sum of $100.00, computing this award at $25.00 per day for each day that she was sick, considering that she was never treated by a physician nor did she require hospitalization. From this judgment the plaintiff has appealed, seeking an increase in the award. The defendant has filed a motion to dismiss the appeal grounded on the proposition that the plaintiff has acquiesced in the judgment rendered by the *588 Trial Court, and further, asking for damages for a frivolous appeal. The defendant in addition answered the appeal of the plaintiff and alleged that the Trial Court erred in finding the defendant negligent and holding that its negligence was the proximate cause of the accident, finding that the foreign material was in the bottle prior to its being opened, and finding for the plaintiff in an amount in excess of an adequate award under the facts and evidence presented.
The defendant contends under its motion to dismiss that the plaintiff has acquiesced in the judgment of the Trial Court by executing said judgment voluntarily. As authority, the defendant has cited LSA-C.C.P. Art. 2085, which provides:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the Trial Court or who voluntarily and unconditionally acquiesced in a judgment rendered against it. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
The defendant contends that on October 17, 1967, it forwarded a draft to the plaintiff in the sum of $101.79, which included both principal and interest. We can find at no time does the defendant allege that the plaintiff has used this draft for $101.79, nor do we find in the record of this proceeding the cancelled draft. We are of the opinion that the mere forwarding of the draft for the amount of the judgment with interest does not constitute a voluntary execution of the judgment on the part of the plaintiff. Therefore, for this reason, the motion to dismiss must be denied.
As to the defendant's contention that the Trial Court erred in finding negligence on the part of the defendant, we must conclude that the Trial Court was not in error. The Trial Judge based his conclusion on the fact that Dr. McQuown testified that since the foreign material in the bottle was sterile, that the material was in the bottle prior to the time that the cap was removed. With this testimony from Dr. McQuown, the Trial Judge could have reached no other conclusion.
In seeking an increase in the award of the Trial Court, plaintiff-appellant has presented to us the following cases: LeBlanc v. Louisiana Coca-Cola Bottling Company, 221 La. 919, 60 So.2d 873 (1952) wherein a woman after drinking a beverage from a bottle felt a slimy substance in her mouth which turned out to be a deteriorated fly, she was nauseated and vomited for a couple of days, and the Court awarded her $300.00. In Reine v. Baton Rouge Coca-Cola Bottling Company, 126 So.2d 635 (La.App. 1st Cir., 1961) an award of $300.00 was granted to a woman who drank from a bottle containing a roach egg and subsequently she became ill, vomited, and was nauseated for several days. And in Dyer v. Baton Rouge Coca-Cola Bottling Company, 155 So.2d 491 (La.App. 1st Cir., 1963) an award of $500.00 was made to a plaintiff who drank from a pop bottle containing a foreign substance resulting in nausea, vomiting, and confinement to a hospital for three days. The defendant-appellee has cited to us the case of Pierson v. Borden Company, 159 So.2d 567 (La.App. 1st Cir., 1963) wherein the Court awarded the sum of $100.00 to a young boy who drank from a milk carton containing a roach, but who did not see a doctor nor did he vomit, and the only medication received was some aspirin tablets.
The Trial Judge found that the plaintiff was sick for four days, and with this finding we can find no error. But with the Trial Judge's finding that the plaintiff be awarded $25.00 per day for each of the four days that she was sick, we feel that he was in error, and the award of $100.00 is inadequate. It is our *589 opinion that a just and adequate award to this plaintiff should be the sum of $200.00.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is amended, and as amended, affirmed. All costs of this appeal are to be paid by the defendant-appellee.
Judgment amended and affirmed.

On Rehearing
Before LOTTINGER, ELLIS, and BAILES, JJ.
ELLIS, Judge.
We granted this rehearing so that we might reconsider defendant's motion to dismiss plaintiff's appeal filed in this court.
The motion to dismiss was based on an alleged acquiescence in the judgment by plaintiff, who accepted and cashed a draft for the full amount of the judgment rendered by the trial court. The original draft was attached to the application for rehearing.
Article 2085 of the Code of Civil Procedure provides that an appeal cannot be taken by one who has voluntarily acquiesced in a judgment rendered against him. It further states that acquiescence in a favorable part of an indivisible judgment does not preclude an appeal as to the other parts of the judgment.
In this case, the judgment was not rendered against plaintiff, but rather in her favor. It is settled that one in whose favor a judgment is rendered may accept the full amount thereof from the party cast, or even cause execution to issue on the judgment without forfeiting his right of appeal because of acquiescence. Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99 (1931); Succession of Franz, 238 La. 608, 116 So.2d 267 (1959). Although the foregoing cases are based on Article 567 of the Code of Practice, we find that the interpretation of that article is applicable to Article 2085, which is based on and consistent with Article 567.
The motion to dismiss is, accordingly, denied, at defendant's cost.