PONDER, Judge.
Defendant has appealed suspensively from the trial court’s award of damages allegedly arising from the following circumstances.
On June 26, 1972, Mrs. Violet Lawson purchased, among other items, two cartons of Coca-Cola from Baham’s I.G.A. store in Lake Charles. It was stipulated that Ba-ham’s only source of the beverage was the defendant. That afternoon, after playing in a Little League baseball game and returning home, Marvin D., Jr., Mrs. Lawson’s son, prepared himself a sandwich and opened a Coca-Cola drink and began to watch television. He complained of the taste of the drink after the first two swallows and discovered a foreign substance in it when he held it up between himself and a light. It was determined that this was a wire, the exact nature of which, however, was never testified to. Marvin, Jr., vomited once and was nauseated the rest of the night, arising two or three times. He was withheld from school the next day because *805 he “looked sort of pale,” and his mother wanted to consult a physician.
It was stipulated that if Dr. Charles Anderson were called he would testify he was telephoned on June 27, 1972, and was told of the problem. He advised that the boy be watched for two or three days and if nothing further developed there would be no need to bring the boy to the office. Evidently, nothing further developed. However, the boy did lose his former excessive desire for Coca-Colas. The bottle with the remainder of the beverage with the wire therein was produced at the trial. However, it was testified that the wire had become smaller and the residue in the bottle had become thicker.
The defense consisted of suggestions that the boy’s nausea may have been caused by over exertion at the ball game or by the ingestion of food rather than drink. .
Defendant also produced the testimony of Dr. Fritz Lacour who stated that the solution of iron rust drunk by the boy would not have been deleterious, and indeed such a solution is often used as a tonic in home remedies.
The trial court held for the plaintiff and awarded $400.00 damages. Defendant appealed, asserting that plaintiff had failed to sustain his burden of proof and that the quantum was excessive.
The testimony as to the vomiting and nausea was not seriously disputed. The suggestions of alternative causes were suggestions only and were not proved.
Recovery can be had for psychogenic symptoms such as nausea and vomiting even though the substance ingested may be sterile or harmless. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La. App. 1 Cir. 1968).
We, therefore, affirm the trial court’s holding that defendant is liable in damages.
We also hold that the amount awarded is within the wide discretion of the trial court. C.C. 1934(3); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967) and similar cases. See Glasper v. Wright Root Beer Co., supra; Dyer v. Baton Rouge Coca-Cola Bottling Company, 155 So.2d 491 (La.App. 1 Cir. 1963); Reine v. Baton Rouge Coca-Cola Bottling Company, 126 So.2d 635 (La.App. 1 Cir. 1961); and LeBlanc v. Louisiana Coca-Cola Bottling Company, 221 La. 919, 60 So.2d 873 (1952).
Affirmed.