PRICE, Judge.
These cases, which were consolidated for purpose of trial, arise out of an automobile accident which occurred on January 20, 1966, at approximately 12:30 A.M., near the south end of an overpass on U.S. Highway No. 171 just south of the city limits of Shreveport, Caddo Parish, Louisiana. The three vehicles involved were traveling in a southerly direction on U.S. Highway 171. The overpass referred to consists of two separate bridges, each carrying two lanes of traffic. This accident occurred on the bridge carrying traffic in a southerly direction. Sleet had fallen on the night of this accident, and the overpass in question had begun to ice over just prior to the time of the collision. Mrs. Juanita Mason, the driver of the first automobile, lost control of her vehicle as she descended the south side of the overpass, and after striking the right guardrail of the bridge brought her vehicle to rest in a crossways position facing east in the easternmost lane of the highway just south of the south end of the overpass. The second car was operated by the plaintiff, Mrs. Sybil H. Newton, and the plaintiff, Mrs. Charles E. Hackler, was a guest passenger therein. Upon observing the Mason car experiencing difficulty, Mrs. Newton brought her car to a stop in close proximity to the position where the Mason car had come to rest. A few seconds later a third car driven by Miss Lou Etta Patin struck the rear of the Newton vehicle.
Suit was brought by Mr. and Mrs. Terry L. Newton and Mr. and Mrs. Charles E. Hackler for personal injuries, property damage, loss of earnings and medical expenses against Mr. and Mrs. Hilton R. Mason, their liability insurer, Allstate Insurance Company, Eli Patin, individually and as the Administrator of the estate of his unmarried daughter, Miss Lou Etta Patin, and his insurer, Gulf Insurance Company. It was alleged that the accident was caused by the joint concurring negligence of Miss Patin and Mrs. Mason. After trial on the merits in the district court for Caddo Parish, judgment was rendered in favor of the plaintiffs against Gulf Insurance Company, Lou Etta Patin and Eli Patin, in solido. The court rejected the plaintiff’s demands against the other defendants in the case. On November 27, 1967, the defendants, Eli Patin, Lou Etta Patin and Gulf Insurance Company perfected a de-volutive appeal to this Court. On January 18, 1968, the defendants, Allstate Insurance Company and Mr. and Mrs. Hilton R. Mason, filed a motion to dismiss this appeal, alleging that their co-defendants, Eli Patin, Lou Etta Patin and Gulf Insurance Company, had voluntarily and unconditionally *746 acquiesced in the judgment rendered against them.
Filed with the motion to dismiss were two instruments styled “Accord and Satisfaction” ; one dated December 5, 1967, executed by Charles E. Hackler and Mrs. Charles E. Hackler, the other dated December 2, 1967, and signed by Terry L. Newton and Sybil H. Newton. By the terms of these agreements the plaintiffs acknowledged payment in full by Gulf Insurance Company on behalf of its assured, of the amounts of each judgment, together with interest and costs. It was further provided that the Clerk of Court for Caddo Parish be requested to cancel the judgments in full.
For simplicity, we will refer to the two groups of defendants hereafter as either Gulf or Allstate in discussing the motion to dismiss.
Allstate contends that the payment of the judgments and acceptance of the accord and satisfaction agreement without any reservation of rights to appeal, is a voluntary and unconditional acquiescence in the judgment which would preclude a right of appeal under the provisions of LSA-C.C.P. Article 2085, which reads as follows:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
Gulf in opposition to the motion to dismiss has argued that its appeal is leveled solely at the holding of the district court in refusing to find concurrent negligence on the part of the Allstate insured, Mrs. Mason, thereby depriving Gulf of its right of contribution from a joint tort feasor. Gulf admits the correctness of the judgment in favor of plaintiff as against it and contends it had the right to pay same and still maintain an appeal from the portion of the judgments absolving the co-defendants. It is further argued that having already perfected its appeal prior to the execution of the accord and satisfaction agreements, there was no necessity in reserving any right to same.
Article 2103 of the LSA-C.C., as amended by Act 30 of 1960, provides for the right of contribution between joint tort feasors as follows:
“When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.”
In the case of Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963), the Supreme Court had presented an interpretation of Article 2103 pertaining to the right of appeal of one defendant against his co-defendant where no third party pleading was filed by appellant in the trial court. In upholding the right of a defendant to appeal the judgment of the trial court dismissing the suit as against a co-defendant and alleged joint tort feasor, the Court commented as follows:
“An examination of Article 2103 discloses that its terms are directory and not mandatory. It recites that a defendant may seek to enforce contribution by making his solidary co-debtor a third *747 party. There is no penalty imposed for failure to follow its provisions. A defendant who does not call in his co-debtor as a third-party defendant maintains rights under Articles 1111-1116, LSA-C.C.P. Cf. Perot v. United States Casualty Co., La.App., 98 So.2d 584.
“This Court has always followed the rule that it would not impute to a statute a meaning which would lead to an absurd result or extend to a statute a situation which the Legislature never intended to be covered thereby. Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237; City of New Orleans v. Leeco, Inc., 226 La. 335, 76 So.2d 387; Thompson v. Pest Control Commission, La.App., 75 So.2d 406.
“If we were to hold that Bertucci and Agricultural had no right to appeal herein against General Accident, we would be compelling them to have the question of negligence tried anew and perhaps then appealed; we would be attributing to the plaintiff the right to control the appeal and, so to speak, deprive relators of rights vested in them under the Constitution. When plaintiff named General Accident as a party defendant, General Accident was in the case; relators did not necessarily have to rename it as co-defendant in order to assert the solidary co-debtorship claim if liability is found to exist. To ascribe to Article 2103, LSA-R.C.C., the meaning which General Accident sets forth and urges would produce absurd results, bring about useless actions, and generate multiplicity of suits which the law abhors. State v. Garner, 238 La. 563, 115 So.2d 855; State v. Smalling, 240 La. 887, 125 So.2d 399.”
One of the distinctions between the Emmons case and the one under consideration, is the absence of an appeal on behalf of any plaintiff in this case. We believe that under the broad language of the Emmons case this is immaterial. The right of contribution is a separate and distinct issue and one in which the plaintiffs had no interest or concern. It is a substantive right provided by law and has in effect been ruled on by the trial court by the refusal of that court to hold one of the co-defendants liable as a joint tort feasor. Under the holding of the Emmons case, the defendant cast has the right to have the issue of contribution reviewed irrespective of any action taken by a plaintiff.
The most serious question presented by the motion to dismiss the appeal is whether the defendant, Gulf, has voluntarily and unconditionally acquiesced in the judgments of the district court which would bar its appeal. It is understood that the accord and satisfaction agreements were not filed of record by Gulf or its attorney, but this action was taken by adverse counsel after procuring a copy from one of the litigants. Therefore, any instructions contained therein to the Clerk of Court to cancel the judgments were never intentionally communicated to him prior to argument on appeal.
In the case of Zeringue v. Administrator, Division of Employment Security, Department of Labor, 127 So.2d 91 (La.App. 4th Cir., 1961), the Court commented on this question as follows:
“However, to lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment by the appellant who must have intended to acquiesce and abandon his right to appeal.” (Emphasis supplied)
This rule has been well recognized by the jurisprudence of this State.
In the case of Emmons v. Agricultural Insurance Company, supra, the Court enunciated the following principles regarding the law of appeals:
“Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. LSA-C.C.P. Article 2082. Appeals are favored and aided by the courts. Succession of Tullier, 216 La. 821, 44 So.2d 880; Vid- *748 rine v. American Employers Ins. Co., La. App., 129 So.2d 284. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. Sam v. Deville Gin, Inc., La.App., 143 So.2d 838. Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124.”
We do not find that the actions of the defendant, Gulf, in this case were such that we could conclude that it ever intended to abandon its right of appeal on the limited question of contribution as against its co-defendant, Allstate. There is no prejudice to the defendant, Allstate, by reason of the absence of the plaintiffs in this appeal because the correctness of the district court’s finding on quantum may also be reviewed by this court, and it may be reduced for the purpose of fixing the amount of contribution due, should liability be established against Allstate.
For the foregoing reasons the motion to dismiss is hearby overruled.
We have concluded that the following facts have been established from the evidence in this case. The car driven by Mrs. Mason was traveling at a speed of between 35 to 40 miles per hour as it ascended the overpass going south. As it descended the southerly side of the overpass, Mrs. Mason’s vehicle began to slide, struck the right guardrail, spun around and came to a stop just south of the end of the bridge. After coming to rest the vehicle was facing east in the easternmost lane of traffic. The vehicle driven by Mrs. Newton was the first vehicle following the Mason vehicle and as it came over the crest of the overpass she saw the Mason vehicle go out of control and end up in the position just described. Mrs. Newton was able to stop her vehicle just short of striking the Mason car. The Newton automobile had traveled at a speed of approximately 15 miles per hour over the overpass.
In a matter of a few seconds the vehicle driven by Miss Patin came over the crest of the overpass at a speed of approximately 35 to 40 miles per hour, proceeding in the left-hand lane of traffic. Miss Patin was unable to bring her vehicle to a stop before colliding with the Newton automobile because of the iced condition of the surface of the south side of the overpass. The weather had been inclement throughout the evening on this date and sleet had fallen prior to and was falling at the time of the accident. The temperature was such that the sleet falling on the roadway was melting, and up until approximately one hour prior to this accident no ice had formed on this overpass. This fact was established by the testimony of Captain Fred May of the Caddo Parish Sheriff’s Department, who investigated the accident.
All of the occupants of the Mason and Newton vehicles worked at the Western Electric Plant which at the time of this accident was in a temporary location at the intersection of the Mansfield Road and Hollywood Avenue. They had completed their shift of work at approximately 12:30 A.M., some few minutes before the accident. All testified that it was necessary to clean the ice from the windshields of the automobiles before proceeding home.
 We are of the opinion that both Mrs. Mason and Miss Patin were traveling over the overpass at excessive rates of speed undér the circumstances and weather conditions then prevailing. With sleet falling and the highway surface wet, with the temperature at or below the freezing mark, a motorist must exercise extreme care in proceeding over bridges and overpasses.
The trial court found that the sole and proximate cause of the accident was the failure of Miss Patin to slow her vehicle at the time she came over the crest of the overpass and saw the Newton vehicle slide very slightly and then begin to stop. The *749 court was of the opinion that any negligence which Mrs. Mason might have been guilty of had ended and did not contribute to the accident.
Under the holding of the case of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, we cannot agree with the holding of the trial court.
Had Mrs. Mason not negligently lost control of her vehicle, through which negligence her automobile blocked the roadway, Mrs. Newton would not have been forced to stop on the ice covered roadway and would not have been struck by Miss Patin, who had also lost control because of the icy condition. Mrs. Mason’s negligence started the chain of events which finally resulted in the injuries to these plaintiffs.
In Dixie Drive It Yourself System v. American Beverage Co., supra, the Supreme Court removed the passive negligence theory from our jurisprudence. The Court made the following statement regarding antecedent negligence in that case, to-wit:
“The doctrine of passive negligence, as stated in them [referring to Falgout v. Younger, 192 So. 706, 707 (La.App., 1st Cir., 1939) and Malone v. Hughes, 65 So.2d 665 (La.App., 2nd Cir., 1953)] places undue emphasis on the chronology of the negligent acts and omissions. In so doing it insulates the first wrongdoer from liability to innocent victims. As applied to cases of the type here presented, it renders nugatory the statutory provisions against the obstruction of highways.
“The obstruction of a main artery of traffic without statutory precautions is fraught with danger to motorists. The traffic congestion and advancing speed of recent years have added to that danger.”
We feel that the decision in the instant cases is governed by the principles laid down by the Supreme Court in the case just discussed, and that the acbident involved in these suits was caused by the joint and concurrent negligence of Mrs. Mason and Miss Patin.
The amounts awarded by the District Court are substantiated by the evidence and are neither excessive nor inadequate.
For the foregoing reasons each of the judgments appealed from is amended insofar as it rejected the demands of plaintiffs against the defendants, Allstate Insurance Company, Hilton R. Mason and Juanita L. Mason, and it is now decreed that the judgments in favor of the plaintiffs shall be in solido against the following named defendants: Gulf Insurance Company, Eli Patin, Lou Etta Patin, Allstate Insurance Company, Hilton R. Mason and Juanita L. Mason.
In all other respects the judgments appealed from are affirmed.
All costs of this appeal are to be paid by defendants-appellees.