212 So.2d 243 (1968)
Dennis Lee CHASTAIN et al., Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellants.
No. 11036.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
Rehearing Denied July 1, 1968.
*244 Mayer & Smith, Shreveport, for defendants-appellants.
Donald R. Miller, Shreveport, for plaintiffs-appellees.
Before BOLIN, PRICE and WILLIAMS, JJ.
PRICE, Judge.
This case was consolidated for purposes of trial and appeal with the case of Patterson et vir. v. Employers Mutual of Wausau et al., 212 So.2d 240, in which this Court rendered its opinion on this date. Plaintiffs in this case are Dennis Lee Chastain and his collision insurer, Mid-Continent Casualty Company. Suit was originally brought against some eleven defendants, but during the course of the proceedings the case against all defendants was dismissed by motion of plaintiff except as against defendants, Mrs. Carmen S. Piccolo, A. S. Piccolo and Employers Mutual of Wausau. Mr. Chastain brought suit for personal injuries, medical expenses and property damage arising out of the accident described in the companion case referred to. After trial on the merits the district court awarded Mr. Chastain the sum of $4,235.85 and awarded his insurer, Mid-Continent Casualty Company, the sum of $893.10.
The defendants denied that Mrs. Piccolo was guilty of any negligence and urged that the accident was caused by the negligence of Mr. Chastain. In the alternative defendants urged that if Mrs. Piccolo was guilty of negligence which was a proximate cause of the accident, Mr. Chastain was guilty of contributory negligence which would bar any recovery by him or his insurer.
The Court adopts by reference the description of the incidents and circumstances leading up to and surrounding the accident herein sued on which were set forth in the companion case. The acts for which Mr. Chastain is charged with negligence by defendants consist of his alleged blocking of the highway and his failure to warn approaching motorists of the automobile in violation of the Louisiana Highway Regulatory Act, LSA-R.S. 32:141 and 32:314.
The evidence reflects that Mr. Chastain came upon the scene of an accident which had happened moments before and had stopped his vehicle to determine if the parties involved needed aid or assistance. He testified that he backed his car to the rear of the other two vehicles to help warn other motorists of the happening of the accident. He testified that Mrs. Jones' vehicle was at an angle on the viaduct and that the front and rear lights of same would not be clearly visible to approaching motorists. He further stated he placed his left blinker light in operation to add emphasis to the presence of his vehicle.
The testimony regarding the exact position of the Chastain car immediately prior to its collision with the Piccolo automobile is somewhat conflicting. Mr. Chastain testified his vehicle was completely within the right-hand lane directly behind the Jones vehicle. Mrs. Piccolo and one of the other witnesses who arrived on the scene placed the car in the middle of the viaduct. Officer Hart of the Caddo Sheriff's Department placed the point of impact in the righthand lane near the center line by examination of debris found on the surface of the road. We conclude that the Chastain vehicle was located just south of the crest predominantly in the right lane at the time in question.
We find the evidence convincing that Mr. Chastain's actions were those of a rescuer. It has been held that a rescuer is looked on with favor in the eyes of the law, and is not chargeable with negligence merely because he failed to make the wisest choice to accomplish the purpose. Lynch v. Fisher, La.App., 41 So.2d 692 (2d Cir., 1949); Gambino v. Lubel and Lubel v. Gambino, La.App., 190 So.2d 152 (4th Cir., *245 1966). It was obvious to Mr. Chastain when he arrived on the scene that the accident between Mrs. Patterson and Mrs. Jones had just occurred, and at that time neither of the parties had gotten out of their vehicles. It was further shown by the evidence that Mrs. Jones was slumped over her steering wheel. Since the accident happened at the very top of the overpass, it would be unreasonable to say that Mr. Chastain should have driven his vehicle to the shoulder of the road at the south end of the overpass before attempting to render assistance to any injured parties. To the contrary, his actions in placing his automobile where he did were intended to benefit motorists approaching the scene of the accident. We do not find error in the holding of the district judge that Mr. Chastain was free from any negligence which contributed to the accident.
We must now determine if Mrs. Piccolo was negligent and, if so, whether her negligence was a proximate cause of the injury sustained by Mr. Chastain. Defendants contend there was no negligence committed on the part of Mrs. Piccolo as she was driving her vehicle at a speed of approximately 35 miles per hour, when it reached the crest of the overpass, which was within the legal speed limit, and had no reason to know or believe there was ice on the overpass until she attempted to apply her brakes to avoid striking the Chastain car.
In the consolidated cases of Newton, et al. v. Allstate Insurance Co., et al., and Hackler, et al. v. Allstate Insurance Co., et al., 209 So.2d 744 decided by this Court and cited in the companion case, we held that it was negligence for a motorist to proceed over an overpass or viaduct at a speed of 35 miles per hour when the temperature was below freezing and sleet was falling.
Captain May of the Caddo Parish Sheriff's Department testified that it was sleeting while he was making the investigation of these accidents. He also stated the north slope of the overpass had large patches of ice on it and that the south slope was completely iced over.
Mrs. Piccolo testified that just prior to reaching the overpass she had pulled off the road in front of a night club to see if her husband's car was parked there. She then pulled back onto the road and had increased her speed to approximately 35 miles per hour when she came upon the Chastain car. She stated she did not see this vehicle or its lights until she was two or three car lengths from it.
The overpass is described as having a very gradual slope. Officer Hart of the Caddo Parish Sheriff's Department testified that one could see a vehicle from a distance of six or seven car lengths near the crest.
The testimony establishes clearly that the lights on the Chastain car were on and the left signal indicator was flashing.
There was no reason for Mrs. Piccolo not to have seen the Chastain automobile at a sufficient distance to have avoided colliding with it if she had been maintaining a proper lookout and driving at a reasonable speed under the weather conditions then existing. She knew, or should have known, that the overpass surface was likely to have iced over and should have reduced her speed accordingly. As the inclemency of the weather condition increases, the duty of a motorist becomes higher to maintain his vehicle under proper control by proceeding at a speed at which he can bring his automobile to a stop within the range of his lights. Eubanks v. Wilson, La.App., 162 So.2d 842 (3d Cir., 1964); Larocca v. Aetna Casualty Ins. Co., La.App., 181 So.2d 482 (1st Cir., 1965).
For the foregoing reasons, we find that the collision which occurred between the automobile driven by Mrs. Piccolo and the automobile of Mr. Chastain resulted solely from the negligence of Mrs. Piccolo.
Defendants contend that there was no evidence to establish any causal connection between the collision caused by Mrs. Piccolo and the personal injuries sustained *246 by Mr. Chastain. The evidence reflected that after Mr. Chastain parked his vehicle to the rear of the car of Mrs. Jones, he walked along the middle of the road and was standing at a point near the rear left fender of the Jones vehicle when the collision occurred. He was found approximately thirty minutes after the accident on the ground to the east side of the overpass, lying on his back in a semi-conscious condition. There is no evidence in the record which positively shows how Mr. Chastain reached the ground below the overpass. He was standing on the overpass immediately prior to the collision, and the preponderance of the evidence reflects that he was unaccounted for immediately after the accident. He testified that the last recollection he had was seeing the lights of the Piccolo car about to strike his automobile and hearing the resulting impact. The district judge reached the conclusion after hearing the testimony of Mr. Chastain and the other witnesses, that the impact of the collision caused Mr. Chastain's accidental descent from the overpass and resulting injury. We believe that the circumstances are such that it would be reasonable to conclude that the successive impacts of the Piccolo car striking the Chastain vehicle, the Chastain vehicle being knocked some two or three car lengths into the Jones vehicle, which in turn struck the Patterson vehicle, caused Mr. Chastain to be, in some manner, precipitated over the side of the overpass rail. There is no other logical way of explaining how Mr. Chastain reached the ground below the overpass.
We find no manifest error in the conclusion of the trial judge that the injuries sustained by Mr. Chastain were caused by Mrs. Piccolo's negligence.
We further find that the awards granted by the trial court are neither excessive nor inadequate.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.