PRICE, Judge.
This is an action in tort brought by Mrs. Betty Lennard Patterson and Densil Paul Patterson, against Carmen S. Piccolo and her liability insurer, Employers Mutual of Wausau, in which plaintiffs seek to recover for personal injuries, loss of earnings, medical expenses and property damages resulting from an automobile accident. This accident is one of several which occurred on January 20, 1966, at approximately 12:35 A. M. on a viaduct or overpass on the Mansfield Road just south of the city limits of Shreveport, Louisiana. The case of Chastain et al. v. Allstate Insurance Co. et al., La.App., 212 So.2d 243, was consolidated with this case for the purpose of trial and appeal, and a separate opinion is being handed down in that case on this day.
Mrs. Betty Patterson was the driver of a Volkswagen automobile which was proceeding south on Mansfield Road at a speed of approximately 45 miles per hour. As she ascended the overpass her vehicle began to slide, and she temporarily lost control because of ice on the pavement. She regained control of her automobile and brought it to a stop at an angle facing southwesterly in the right-hand lane of the viaduct. An instant later a Chevy II automobile driven by Mrs. Sarah Jones collided with the vehicle of Mrs. Patterson. About this time Mr. Dennis Lee Chastain approached the scene in a Chrysler station wagon traveling in the same direction. Mr. Chastain was able to maintain control of his vehicle and pulled alongside the other two vehicles. He then backed his vehicle to the rear of the Jones automobile where it was allowed to remain with its lights on and the left turn indicator engaged to warn approaching motorists of potential danger. Mr. Chastain got out of his'car to determine if Mrs. Jones or Mrs. Patterson needed aid or assistance. Mrs. Patterson and Mr. Chastain approached the Jones vehicle to inquire if Mrs. Jones was injured. Mrs. Patterson was standing beside the opened left front door of the Jones vehicle, and Mr. Chastain was near the left rear fender of that vehicle when the Rambler automobile driven by Mrs. Piccolo collided with the rear of the Chastain station wagon, causing it to strike the Chevy II of Mrs, Jones, and it in turn to strike the Patterson vehicle. As a result of this collision the Patterson automobile was damaged and Mrs. Patterson received personal injuries.
Defendants in their answer denied that Mrs. Piccolo was guilty of any negligence which was a cause of this accident. They charged certain acts of negligence against *242 Mrs. Patterson as being the sole and proximate cause. These acts of negligence were pleaded alternatively as constituting contributory negligence on the part of Mrs. Patterson and as a bar to recovery of damages by her and her husband.
After trial on the merits the district court held for the plaintiffs and rendered judgment for Mrs. Patterson in the amount of $2,500.00 for her personal injuries and for Mr. Patterson in the amount of $401.14 for damages to the automobile. From this judgment defendants have suspensively appealed. The amount of damages awarded is not at issue, and the sole question to be resolved is liability.
The weather on the night of this accident was inclement. It was very cold and sleet had been falling prior to and at the time of the accident. Traffic was fairly heavy as a work shift at Western Electric Plant, then located at the corner of Hollywood and Mansfield Road, had just changed.
The allegations of negligence charged against Mrs. Patterson must first be resolved as any negligence on her part which was a contributing cause of the accident would preclude the necessity of considering negligence on behalf of Mrs. Piccolo.
We are of the opinion that the district judge erred in failing to find any negligence on the part of Mrs. Patterson which contributed to the accident. She admitted that she was traveling at a speed of 45 miles per hour when her vehicle began to slide as it ascended the overpass. She further testified that she applied her brakes as she struck the ice and lost control of the vehicle. Her loss of control of the automobile was a result of her excessive speed under the inclement weather conditions which then existed, and of which she should have been fully aware. Mrs. Patterson did regain control of the vehicle just south of the crest of the overpass and had brought it to a stop, facing southwesterly in the righthand lane, when it was struck from behind by Mrs. Jones’ automobile.
This Court, in the consolidated cases of Newton et al. v. Allstate Insurance Co. et al., and Hackler et al. v. Allstate Insurance Co. et al., 209 So.2d 744, had before it another series of accidents which occurred on the same night at about the same time and on the same overpass. In those case we held that it was negligent for a motorist to proceed over an overpass or viaduct at a speed of 35 miles per hour when the temperature was below freezing and sleet was falling.
In the instant case Mrs. Patterson was proceeding at an admitted speed of 45 miles per hour as she approached the overpass, and her testimony bears out the fact that she was traveling at this same speed when she lost control of her vehicle on the overpass. She knew, or should have known, that the overpass surface was likely to be iced over and should have reduced her speed accordingly. As the inclemency of the weather increases, the duty of a motorist becomes higher to maintain his vehicle under proper control by proceeding at a speed at which he can bring his automobile to a stop within the range of his lights. Eubanks v. Wilson, 162 So.2d 842 (La.App., 3d Cir., 1964), Larocca v. Aetna Casualty Ins. Co., 181 So.2d 482 (La.App., 1st Cir., 1965).
We are of the opinion that Mrs. Patterson was guilty of negligence which was a contributing cause of this accident. Had she not, through negligence, lost control of her vehicle and stopped it just south of the crest of the overpass, this entire series of collisions would not have occurred.
Since we have determined that Mrs. Patterson was guilty of contributory negligence which will bar her recovery and that of her husband, we need not consider the primary negligence of Mrs. Piccolo.
For the foregoing reasons the judgment appealed from is reversed at appellee’s cost.