BOLIN, Judge.
This appeal is from a judgment rejecting a claim for contribution in an action brought by Mr. and Mrs. A. S. Piccolo and their insurer, Employers Mutual of Wausau, against Mr. and Mrs. D. P. Patterson and their liability insurer, State Farm Mutual Insurance Company.
The suit stemmed from two previous automobile collision cases, consolidated for trial and appeal, in one of which this court gave judgment against the Piccolos and Employers Mutual. During the course of that opinion the court expressed the conviction the accident was caused solely by the negligence of Mrs. Piccolo. However, in the companion case brought by the Pattersons the court decided Mrs. Patterson was contributorily negligent and denied recovery against the Piccolos and Employers Mutual.
The above suits were'only two of many arising out of a rash of automobile accidents occurring in and around Shreveport, Louisiana, on the night of January 20, 1966, which was an extremely cold night, with sleet falling and ice forming on overpasses and bridges. The instant suit was submitted to the court for decision on the -merits on all pleadings filed therein, together with the entire records, including the opinions of this court in Chastain et al. v. Allstate Insurance Company et al. (La. App. 2 Cir. 1968), 212 So.2d 243, and Patterson et vir v. Employers Mutual of Wausau et al. (La.App. 2 Cir. 1968), 212 So.2d 240.
The collisions happened in Chastain and Patterson in the following sequence. Mrs. Patterson, who had left work at the Western Electric Plant about 12:45 a. m., was proceeding south on Mansfield Road in a Volkswagen. She admitted she was traveling about 45 miles per hour when she topped the rise of a viaduct, ran into an icy stretch and applied her brakes, causing her to lose control of her car. She regained control but came to a stop shortly thereafter headed in a southwesterly direction. Immediately behind her was Mrs. Jones, who was unable to prevent her vehicle from running or sliding into the Patterson car. Mr. Chastain was next and, although he was able to stop his automobile and avoid hitting the Jones vehicle, he backed up and parked directly behind the Jones • car to lend aid to the women involved in the first collision. He left his lights burning and his left blinker on to warn following traffic of the hazard. However, Mrs. Piccolo, traveling at approximately 35 miles per hour, came over the viaduct and struck the Chastain vehicle, causing it to strike the Jones car and it, in turn, to strike the Patterson vehicle. In the resulting collision Mrs. Patterson, who was standing beside the open left front door of the Jones vehicle, and Mr. Chastain, who was near the left rear fender of that car, were both injured and both the Patterson and the Chastain automobiles were considerably damaged.
In the Patterson’s suit against the Piccolos and Employers Mutual this court reversed the lower court and denied recovery on the ground that Mrs. Patterson was contributorily negligent in traveling 45 miles per hour in view of the weather and other physical circumstances prevailing at the time.
In the Chastain suit against the Piccolos and Employers Mutual this court held (ghastain entitled to recover, finding that Mrs. Piccolo’s negligence in driving at such a speed under all the circumstances was the cause of the collision between her vehicle and that of Chastain.
Plaintiffs now seek contribution of one-half of the amount awarded Mr. Chastain *171 claiming that, since Mrs. Patterson was found to be contributorily negligent in the Patterson’s suit against the Piccolos and Employers Mutual, she was consequently a joint tort-feasor with Mrs. Piccolo in the Chastain suit. This contention is premised on the emphasized portion of the following language in Patterson:
“We are of the opinion that Mrs. Patterson was guilty of negligence which was a contributing cause of this accident. Had she not, through negligence, lost control of her vehicle and stopped it just south of the crest of the overpass, this entire series of collisions would not have occurred.”
Defendants resist the claim on the basis of the opinion of this court in Chastain wherein it was stated:
“For the foregoing reasons, we find that the collision which occurred between the automobile driven by Mrs. Piccolo and the automobile of Mr. Chastain resulted solely from the negligence of Mrs. Piccolo.” (Emphasis added.)
We consider the first sentence of the quoted opinion in Patterson to be controlling, i. e. “Mrs. Patterson was guilty of negligence which was a contributing cause of this accident.” (Emphasis added.) The law of that case is that Mrs. Patterson was guilty of contributory negligence which contributed to her injuries. The remark that without Mrs. Patterson’s negligence the entire series of collisions would not have happened, even if true, is too far-reaching in scope and was not necessary to the final decision in that case.
We conclude the negligence of Mrs. Patterson in stopping her car in the roadway did not cause the injuries and damages suffered by Chastain and consequently she is not a joint tort-feasor with Mrs. Piccolo.
The judgment of the trial court rejecting plaintiffs’ demands for contribution is affirmed at appellants’ cost.