HEARD, Judge.
This suit was instituted by Gerhardt & Walker, a professional corporation under an assignment from C. William Gerhardt for attorney’s fees earned while being retained by Eugene J. Coen, an attorney of Shreveport. Plaintiff contends it is entitled to professional fees on a quantum meruit basis in the sum of $2,234.10. Defendant denied owing any attorney’s fees whatsoever and reconvened for $2,000 as attorney’s fees in defending this suit, as well as damages for embarrassment and mental anguish of $25,000. Judgment was rendered in favor of Gerhardt & Walker for $750. Thereafter defendant filed into the registry of the court the amount of the judgment, interest and costs. On April 18, 1972 plaintiff filed a motion for a devolu-tive appeal with leave to withdraw the deposited funds, reserving to plaintiff all rights regarding the obtaining of an increase in the award. On April 24, 1972 an order was signed authorizing the clerk to turn over to plaintiff the sum deposited, reserving all plaintiff’s rights to obtain an increase in the judgment.
Filed in this court was a motion to dismiss the appeal and damages for frivolous appeal based upon the ground that defendant deposited in the registry of the court the amount of the judgment, plus interest and costs, and plaintiff had withdrawn the sum. The withdrawal is alleged to be an acceptance in full satisfaction and acquiescence in the judgment and that there is no appealable issue. This motion has no merit.
*362 In its motion for an appeal, with permission to withdraw the deposited funds, plaintiff especially reserved its rights to obtain an increase in the award. The trial court reserved plaintiff’s right to obtain an increase in the judgment in its order.
In argument defendant cites LSA-C.C.P. Article 2085 which states :
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
To lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment on the part of appellant who must have intended to acquiesce and to abandon his right of appeal. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Saunders v. Busch-Everett Company, 138 La. 1049, 71 So. 153 (1916); Langlois v. Southern Timber, Inc. of Woodville, La.App., 256 So.2d 320 (La.App.1st Cir. 1971).
The reservation in the motion to withdraw the sum deposited in the registry of the court, coupled with the motion to appeal is sufficient to show that there is no voluntary and unconditional acquiescence in the judgment rendered. Therefore, the motion is denied.
On the merits plaintiff asserts he is entitled to attorney’s fees of $1,750 for representing defendant in the case of Mrs. Mary Claudine Nevills Deaton v. Eugene J. Coen, plus $81.60 for expenses, and the additional sum of $377.50 for preparation and trial of the suit styled “MAI Equipment Corporation v. Brooke, Mayo & Derrick” plus $25 curator fees. On trial of the case plaintiff waived any rights for attorney’s fees in the latter suit. Therefore, this is not an issue in the case.
Plaintiff testified at the time he was retained by defendant in the Deaton suit there was no discussion of attorney’s fees; that he did 99% of the work in the case. He testified further that the case was tried but not concluded when he and defendant decided to let the case remain as it was, and he withdrew from the case and submitted his bill to defendant for his services. In connection with his testimony, a statement of his expenses for $81.60 was filed and an itemized statement reflecting approximately 70 hours worked.
Herman F. Sockrider, Jr., Shreveport attorney, testifying as an expert, stated he briefly read through all of the pleadings, correspondence and work sheets to get a general understanding of the case. After reviewing in detail both the time records kept and actual bills sent, he would have billed at $35 per hour for out of court work and $50 per hour involving court work or deposition preparation, and that the fee charged by plaintiff was more than reasonable. However, he stated he had no actual knowledge whether the work was done as stated.
John D. Lawhon, Shreveport attorney, testified on behalf of defendant that he had looked over the time sheets briefly and went over the billing pretty much in detail. He testified he was in court the day the Deaton suit was tried. It was his opinion the amount of work done by plaintiff would be worth $500 to $1,000.
Eugene J. Coen testified he had represented the Commercial Bar and received from them accounts for collection. Approximately 4 to 5 months prior to the filing of the Deaton case he referred all work received through the Commercial Bar to Gerhardt. When the Deaton suit was filed he contacted Mr. Gerhardt and sought to have him represent him. No fee agreement was entered into. He further stated that 98% of the work in the Deaton suit was done by him.
The issues in this case are purely factual, and our courts have on numerous oc *363 casions held that judgment presenting purely questions of fact will not be disturbed on appeal except where manifest error is found. The trial court heard the witnesses testify and observed their demeanor on the stand, and accordingly rendered a judgment in the sum of $750.
We fail to find manifest error in the trial judge’s judgment. For the foregoing reasons the judgment is affirmed at appellant’s cost.